MAY 8, 1802.

# Richard Bibb *v.* Prather *et al.*

*Upon a writ of error to reverse a decree of the Bardstown District Court.*

1. Where the vendor of land misrepresents the location of its boundaries to the vendee at the time of the sale, equity will set aside the sale, although the misrepresentation was innocently made.

2. Where the vendor's title to the land sold is defective, a court of equity will, at any time before the conveyance, enjoin the collection of the purchase money, and set aside the sale upon equitable terms.

3. The assignee of a title bond takes it subject to all equities to which it was subject in the hands of the original obligee.

Bibb *v.* Prather.

It will be necessary only to examine whether the district court erred in dissolving the injunction upon the merits of the cause. From the bill, answers, and exhibits, it appears that Morehead misrepresented the boundary of the land, in consequence of which a larger proportion of broken, stony, poor land, not so well timbered and inferior in value, has been included than if 'the line had run as represented by him; that, to a moiety of the land conveyed by Crist, he had no legal title, and that there is an interference of the two tracts of land with each other. It is contended that the misrepresentation was not made with a fraudulent intention; that the defects in the title were not known till some time after the contract, and that the interference is of a very small quantity. But, admitting all this, yet the injury to the complainant is the same as if the misrepresentation had been made with a fraudulent intention, and the defects in the title had been known at the time of the contract and concealed. In the one case the fraud would have been criminal, in the other it is a legal fraud; and, in either case, a court of equity ought to afford relief. It is further contended that the defendants, Prather and Smiley, have been deprived of the securities which they held for the title of these lands, by the act of the complainant, and being innocent assignees of the bonds, and guilty of no fraud, ought not to be affected by any fraud or misrepresentation, practiced or made by the defendant Morehead. The act of assembly concerning the assignment of bonds and other writings, passed in 1796, subjects the assignee to all the equity to which the original obligee was subject, but in this case the assignees were privies to the original contract, and on either ground must stand in the situation of the obligee. As to their being deprived of the securities which they held for the title of these lands, there is nothing in the objection. A court of equity can place them in as good a situation as that in which they stood with regard to these securities. The defendants' counsel also contended that the complainant has not shown the quantity or value of the land, the situation of which has been misrepresented, or the amount he is likely to suffer on account of the defective title; in answer to which it may be said that from an exhibit in the cause it does appear that there is about one hundred acres, which includes land inferior in value, broken, stony and badly timbered, and from another exhibit it also appears that to nearly one half of the land conveyed by Crist the title is defective; but upon a motion for the dissolution of an injunction, where the notice is generally short, and in a case

embracing so many different points as this does, it is not to be expected that the party should come as fully prepared with proofs as he might do on the final hearing of the cause; it was sufficient for him to show that there had been misrepresentation as to the subject-matter of the contract as to one point, and defect of title as to another, how far he was injured by the one and what was the extent of the other, ought to have remained to have been decided at the final hearing of the cause. The court is, therefore, of opinion, that the district court erred in dissolving the injunction; that the decree must be reversed with costs, and the suit remanded to the said district court with directions to reinstate the injunction and retain the same till the final hearing of the cause, which is ordered to be certified to the said court.