## L. RUCKER, ASSIGNEE, *v.* SIMON BAKER ET AL.

**Dismissal and Non-Suit—Dismissal of Petition—Effect.**

Where plaintiff dismisses his action, his petition, and so much of defendant's answer as makes a defense to the claim stated in the petition, are taken out of the record; but so much of the answer as sets up a set-off or counterclaim remains.

### APPEAL FROM SHELBY CIRCUIT COURT.

October 27, 1873.

OPINION BY JUDGE LINDSAY:

The note sued on was executed to G. D. Rucker, and by him assigned to Summers, and by him to appellant, L. Rucker.

The set-off pleaded was made up of accounts and notes against the remote assignor, G. D. Rucker, alleged to have been contracted or purchased by appellees before notice of assignment. If it be conceded that appellees might have proceeded, in such a state of case, with their cross-action after appellant dismissed his petition, a proposition by no means clear, in as much as there was then no party in court against whom they could take judg-

ment, it by no means follows that when appellant dismissed his petition, he also withdrew the reply he had theretofore filed to the appellees' answer, controverting the set-off.

Sec. 401, Civil Code of Practice provides that where a set-off or a counterclaim has been presented, the defendant shall have the right to proceed to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear.

When the plaintiff dismisses his action, his petition and so much of the defendants' answer as makes defense to the claim therein asserted, go out of court without action; but so much of the answer as sets up the matter of set-off or counterclaim remains. So, likewise, the plaintiff's reply to the matter so asserted, the pleadings thus remaining in the court, make up the issue as to the counterclaim as set up; and the issues, the defendant has the right to have tried, notwithstanding the failure of the plaintiff to prosecute his original action, or its dismissal by him.

It results, therefore, that when appellant dismissed his petition, he did not withdraw his reply, and that when he was again brought into the litigation upon the cross-petition of Jones, it was only necessary for him to refile his petition as amended, to make up the pleadings as between himself and these appellees.

This he was permitted to do without objections, and when it was done he occupied toward these appellees the exact position he did before it was dismissed. It results, therefore, that it was error after trial and verdict, to take appellees' set-off for confessed and render judgment for them, notwithstanding the verdict. The judgment in their favor is reversed and the cause remanded with instructions to overrule appellees' petition for judgment on the set-off and for judgment in appellant's favor in accordance with the verdict of the jury.

*Roberts, for appellant.*

*Z. Wheat, for appellees.*