CASE 14—PETITION ORDINARY—MARCH 16.

# Ringo, &c. v. New Farmers' Bank's Trustee.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. PLEADING.—In an action by a bank against two persons on an over-draft, an allegation that they "drew checks on said New Farmer' Bank, beyond the amount they had on deposit, for the sum of $———, which checks were paid, whereby said Mitchell and Ringo became indebted to the New Farmers' Bank, in the sum of $———, for said over-draft, which sum is due and remains unpaid," clearly signifies that the check and the deposit were executed and belonged to them jointly, and it was not necessary to allege that the over-draft was occasioned by the joint check or checks of the parties, or that there was a co-partnership between them.

2. PRACTICE IN CIVIL CASES.—Where an answer which had been filed was ordered withdrawn from the record with leave to the defendants to file another answer, and on the following day they tendered the new answer, they occupied the same position as if no previous answer had been filed, and the sufficiency of the pleading could not be raised by an objection to its filing.

3. SAME.—An objection to an amended answer and counter-claim and set-off. that the claim asserted as a set-off against an assigned bank had not been proven, as claims against assigned estates for the benefit of creditors are required to be, should have been raised by a rule to file affidavit and proof of claim, and on failure to do so by dismissal of the set-off.

4. SAME.—The tender of an answer and set-off takes from the plain-

tiff the right to dismiss without prejudice and thereby de-prive the defendant of a right to a trial of his set-off.

5. CLERICAL MISPRISION.—The entering of a judgment in a case, which was at the time under submission upon a motion to file an answer and set-off, was a clerical misprision.

O'REAR AND BIGSTAFF FOR APPELLANTS.

1. The allegations of the 5th paragraph of plaintiff's petition are insufficient. It is not stated that the over-draft sought to be set up was occasioned by the joint check or checks of the defendants, and as pleadings are to be construed most strongly against the pleader, it is to be inferred from the plead-ing that the over-draft was occasioned by the individual checks of the defendants, there being no allegation of co-partnership.

2. It was the manifest duty of the court to act upon the motion to file Ringo's answer before the judgment was rendered in the case.

3. The surety is entitled to the defenses to which his principal would have been entitled; and one of several joint obligors is entitled to plead a set-off against the debt of a single plaintiff suing them all. Dunn v. West, 5 B. M., 377; Bailey v. Hoge, 8 B. M., 443; Blackaby's Adm'r. v. Sarten, 9 B. M., 122; Finnell v. Nesbitt, 16 B. M., 254; Fidelity Trust Co. v. Shannahan, 14 Ky. Law. Rept., 111; Waterman on Set-offs, sec. 247; Mott v. Mott, 5 Vermont, 111; Sillivant v. Rheordan, 5 Pike (Arkansas) 140.

4. If the defendant files his answer and set-off before the plain-tiff offers to dismiss his action without prejudice, the plain-tiff can not then dismiss the case so as to deprive the defend-ant of his right to a trial of his set-off. N. W. Mutual Life Ins. Co. v. Barber, 15 Ky. Law Rept., 394; Civil Code, secs. 371-2.

J. J. CORNELISON AND R. A. MITCHELL OF COUNSEL ON SAME SIDE.

STONE AND SUDDUTH FOR APPELLEE.

1. Set-off or counter-claim had not been permitted to be filed in the action before the dismissal, hence the appellant was not en-titled to a trial of the alleged set-off. Sec. 372 Civil Code; Quisenberry v. Artis, 1 Duvall, 30.

2. After the dismissal as against Mitchell, any set-off due him was not available as a set-off in behalf of Ringo, and any private arrangement that may have existed between him and Mitchell could not affect the rights of the other creditors.

3. After the action had been dismissed as to Mitchell, he had no right by filing a petition to be made a defendant to require plaintiff to prosecute this action against both him and Ringo, when the plaintiff had an undisputed right to prosecute and pursue this action as against Ringo alone.

4. The claim or set-off set out in the answer was not verified in the manner required by law. Millet v. Watkins, 4 Bush, 642; Warfield v. Connell, 69 Ky., 594; Trabue v. Howes, 1 Kendall, 594; Veach v. Monroe, 13 Bush, 425.

5. The appellee as trustee, and the creditors of the New Farmers' Bank as beneficiaries, are entitled to have any set-off which R. A. Mitchell may have against said bank, applied upon his unsecured indebtedness to it, which is largely more than sufficient to meet any such set-offs. Talmage v. Fishkild Iron Co., 4 Barbour, 432; Collins v. Allen, 12 Wendell, 356; Field v. Holland, 6 Cranch, 303; Burks v. Albert 4 J. J. M., 98; Moore v. Moore, 5 Monroe, 254.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee, the Columbia Finance & Trust Co., as trustee of the New Farmers' Bank, brought an action at law against the appellants, Ringo & Mitchell, on three joint notes executed by them, and upon an overdraft, caused by checks drawn by appellants on said bank. The process was returnable to the January term, 1894, when appellants filed a demurrer to each paragraph of the petition.

It is insisted that the demurrer to the fifth paragraph should have been sustained. It avers that Mitchell & Ringo "drew checks on said New Farmers' Bank beyond the amount they had on deposit for the sum of $63.97, which checks were paid, whereby said Mitchell & Ringo became indebted to the New Farmers' Bank in the sum of $63.97 for said overdraft, which sum is due and remains unpaid."

Ringo, &c. v. New Farmers' Bank's Trustee.

The objection urged is that it is not stated that the over-draft was occasioned by the joint check or checks of appellants, nor that there was a co-partnership between them; and, as pleadings are to be construed most strongly against the pleader, it is, therefore, to be assumed from the pleadings that the overdraft was created by individual checks. But in our judgment the maxim *fortius contra proferentem* is not to be so extended as to wrest an averment from the ordinary meaning and acceptation of the language used, and we think the averment that the appellants drew checks beyond the amount they had on deposit clearly signifies that the checks and the deposit were executed and belonged to them jointly.

On January 19, 1894, in the term to which the process was returnable, appellants filed their answer. On February 1 the attorneys who filed it were required and ordered to withdraw it on account of slanderous and defamatory matter contained in it, the order providing: "The defendants may replead herein, leaving out entirely said slanderous and de-famatory matter." On the following day appellants tendered and moved to file an answer, and the motion was submitted. On February 5th they renewed their motion to file the answer, which had been tendered. On February 9th, on motion of appellee, the action was dismissed without prejudice as to appellant Mitchell. On February 16th judgment was entered in favor of appellee, the judgment reciting that the answer filed January 19th had been stricken from the record. The judgment does not mention the pending motion to file answer. At the April term, April 10th, the appellants moved to set aside the judgment upon the ground of clerical mis-

Ringo, &c. v. New Farmer's Bank's Trustee.

prision as having been entered before the action regularly stood for trial. (Civil Code, section 519.)

This motion was sustained April 13th, and on the same day the appellee moved to set aside the order setting aside the judgment. On the same day an order was entered rejecting the answer tendered February 2d, and leave was given to amend or file another answer on or before the 8th day of the term. On April 20th Ringo moved to file an amended answer, set-off and counter-claim, and Mitchell moved to file a petition to be made party, and an answer and set-off. The trial court overruled both motions to file, and on April 28th set aside the order by which the judgment of February 16th had been set aside, and directed that that judgment "is now permitted to remain in full force and effect in all respects as though the motion of defendant H. H. Ringo, to set aside the same had not been granted at the present term of this court."

The first question presented is whether the trial court erred in refusing to permit the answer tendered February 2d to be filed. The answer first filed had been ordered withdrawn from the record with leave to appellants to re-plead or file another answer. When on the following day they tendered an answer they occupied the same position as if no previous answer had been filed, and the answer was tendered in time. It is true the practice is well established that after a demurrer has been sustained to an answer or other pleading and an amendment is tendered, objections to the sufficiency of the pleading may be raised by objection to filing it with the same effect as if it were demurred to; but objections can not be thus taken to the sufficiency of an original pleading tendered

in due time. It is urged that the answer tendered February 2d was demurrable, and that the exhibit or account offered with the amended answer, counterclaim and set-off, subsequently tendered, was not proven as claims against the estates of deceased persons, or in the hands of trustees for the benefit of creditors, are required to be. To this it may be answered that the first objection should have been made by demurrer after filing the answer, so that the appellants, when the demurrer was sustained, might have an opportunity to amend; and that the recognized practice as to the second objection is by rule to file affidavit and proof of claim, and on failure so to do by dismissal of the set-off. (Warfield v. Gardner, 79 Ky., 587.)

It is strenuously insisted by appellee, on the authority of Northwestern Mutual Life Insurance Co. v. Barbour, 15 Ky. Law Rep., 394, that inasmuch as the answer tendered was not actually filed in the case at the time the order dismissing without prejudice as to appellant Mitchell was entered, no error was committed to the prejudice of appellants, as Ringo could not plead the set-off to which his co-defendant, Mitchell, was entitled.

Judge Lewis, in the opinion cited, after stating that section 371 of the Civil Code permits a plaintiff as a matter of right to dismiss without prejudice before a final submission of the case to the jury, said: "But though such be the case it does not necessarily follow the defendant can be thereby precluded from maintaining any cause of action already pleaded as a counter-claim or set-off."

In that case the plaintiff had filed a motion to dismiss without prejudice, and thereupon the defendant offered to file a

counterclaim, and, after quoting section 372 of the Code, that "a defendant is entitled to a trial of a set-off or a counter-claim, though the plaintiff dismiss his action or fail to appear," the court said "clearly such right of defendant exists only where the counterclaim or set-off has been filed in court while the action was pending and before the plaintiff has made a motion dismissing it."

It was not intended by that opinion to decide that the set-off or counterclaim must have been already actually ordered filed and made a part of the record in order to prevent the plaintiff from dismissing his action and thereby avoiding a trial of the set-off or counterclaim. On the contrary, the logic of the opinion is to the opposite effect, for it was there held that a mere motion to dismiss without prejudice, not acted upon by the court, took from the defendant his right to file a set-off and have it tried. So we think that the tender of an answer and set-off takes from the plaintiff the right to dismiss without prejudice, and thereby deprive the defendant of his right to a trial of the set-off. It follows, therefore, that the case did not stand regularly for trial at the time the original judgment was rendered, and that the entering of judgment at that time, while the case was under submission, upon an offer to file an answer and set-off was a clerical misprision.

A motion was duly made in the lower court to correct the clerical misprision, and the error consisted in setting aside the order by which the misprision was corrected.

For the reasons stated the judgment is reversed, with directions to set aside the judgment and award the appellants a new trial, and for further proceedings consistent with this opinion.