## Wilhelm's Exor., et al. v. Bains.

(Decided April 23, 1912.)

### Appeal from McCracken Circuit Court.

1. Actions—When May Be Dismissed Without Prejudice—Infants.—After a case has been submitted on the merits, the plaintiff may not as a matter of right, dismiss the action without prejudice, but the court may in its discretion, allow the action to be dismissed without prejudice where the infant defendants were not properly before the court and no report had been filed by their guardian ad litem.

2. Same.—Where the action is allowed to be dismissed without prejudice, a counter-claim filed in their name when they were not properly before the court, and were not represented by their guardian or guardian ad litem, should also be dismissed without prejudice.

OLIVER & OLIVER, JOHN K. HENDRICK and WM. MARBLE for appellants.

BRADSHAW & BRADSHAW for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

William Beadles died in Paducah, in the year 1893, the owner of a considerable estate, which he devised to his wife for life, with remainder to his two daughters, Ella Wilhelm and Mary Bains. The wife died some years after her husband and after her death, Mrs. Wil-

helm and Mrs. Bains agreed upon a division of the estate between them, in which a lot on Fifth and Jefferson streets was held by them jointly. After this Mrs. Wilhelm died leaving surviving her four children to whom she devised her estate. Shortly after this Mrs. Bains died without children in Birmingham, Alabama. George Bains, her surviving husband, brought this suit against the four children of Ella B. Wilhelm and her surviving husband to obtain a sale of the property referred to and a division of the proceeds alleging in his petition that his wife had left a will by which she devised him the property and that this will had been duly probated in Alabama and in Kentucky. It was also alleged in the petition that three of the children were infants, two under fourteen years, and one over fourteen, and that they had no statutory guardian. The defendants filed a demurrer to the petition and also an answer which was made a counterclaim. There was no ruling of the court upon the demurrer. A reply was filed to the answer and this was taken as traversed of record. After the issue had been made up for some months, the case was submitted. The defendants entered a motion to set aside the submission, and to be permitted to take proof. The court overruled the motion. At a subsequent day of the same term, the plaintiffs moved to set aside the submission and also moved to dismiss the action without prejudice. The court thereupon entered an order dismissing without prejudice the plaintiff's petition, and dismissing absolutely the defendant's counterclaim. From this judgment the defendants appeal.

By section 371 of the Code, an action may be dismissed without prejudice to a future action by the plaintiff before a final submission of the case to the jury or to the court, if the trial is by the court. After a final submission of the case, the plaintiff can not as a matter of right dismiss the action without prejudice. But although the case has been submitted to the court, the court may in its discretion, allow the submission to be set aside, and the action dismissed without prejudice. (Williamson v. American Reserve Bond Co., 140 Ky., 215.) In the case cited it was held that the court did not abuse his discretion in allowing the submission set aside and the action dismissed without prejudice, where the submission was premature. In the case at bar no process had been served on the infants. They had not been

brought before the court in any way. A guardian ad litem had been appointed to defend for them by the court but he had filed no report. If a judgment had been entered against the infants, it would have been erroneous. The submission was premature, and the court did not abuse a discretion in allowing the submission set aside, and the action dismissed without prejudice.

The answer not only put in issue the facts entitling the plaintiff to recover one-half of the property, but it alleged facts showing that the defendants were the owners of the whole property. It also alleged facts assailing the division which had been made between Mrs. Wilhelm and Mrs. Bains.

As the infants were not properly before the court, had no guardian and no report had been filed by the guardian ad litem it was not proper that their counterclaim should be dismissed absolutely. When the plaintiff was allowed to dismiss his action without prejudice, the counterclaim of the infants should also have been dismissed without prejudice, so that the rights of the parties might be settled in the new action, and that neither should be prejudiced by the premature submission of this case.

Judgment reversed and cause remanded for a judgment dismissing the counterclaim without prejudice.