## Howard, et al. v. Simpson, et al.

(Decided April 24, 1917.)

On motion to dissolve a temporary injunction, granted by the Judge of the Harlan Circuit Court.

1. Injunction—Temporary Injunction—Limitation Upon.—The only limitation, in section 273 of the Civil Code, upon the power of the judge of the circuit court to grant a temporary injunction, is where the same has theretofore been refused by the court or any circuit judge.

2. Injunction—Temporary Injunction.—The fact that a restraining order or temporary injunction has been granted in an action and the action thereafter dismissed without prejudice, does not preclude the issuance of another temporary injunction in a new action between the same parties.

3. Injunction—Motion to Dissolve Temporary Injunction.—Upon a motion, in this court, to dissolve a temporary injunction granted by the judge of the circuit court, the only matters which can be considered are whether or not the statements in the verified petition, in connection with the evidence heard, show a probable right to the relief sought, and it is not expected that the party applying for the temporary injunction should come as fully prepared with proofs as he might on the final hearing of the cause.

CHARLES I. DAWSON, A. G. PATTERSON and METCALFE & JEFFRIES for motion.

D. C. JONES and W. F. HALL contra.

Opinion of the Court by Judge Clarke—Overruling motion.

In 1911, Jesse W. Howard and his wife, Aritha Howard, instituted an action in the Harlan circuit court against Charles Simpson, alleging that they were the owners and in possession of a described tract of land; that Simpson was trespassing upon the land and cutting valuable timber therefrom. In that action they sought an injunction to perpetually restrain the defendant from trespassing upon the land, and to recover damages for the trespasses already committed; and they procured a temporary restraining order, which remained in force and effect during the pendency of that action. Simpson filed an answer and counter-claim, asserting title in himself to a portion of the land claimed by the Howards upon which he had been committing the alleged trespasses. The action was allowed to drag along for five years before it was prepared for trial upon these issues and submitted for a final judgment.

In the meantime, Jesse W. Howard had died and the action had been revived in the names and on behalf of his children and heirs at law.

After the submission, but before a judgment was rendered, plaintiffs, at the July, 1916, term of the court, entered a motion to dismiss the suit without prejudice, which motion was sustained, and the entire action was so dismissed, without objection or exception by defendant.

After the dismissal of that action, Charles Simpson, the defendant, with Robert Woolem and Green Balanger, again began cutting and removing timber from the land in controversy.

On the 13th day of November, 1916, Aritha Howard and the children and heirs at law of Jesse W. Howard instituted this new action, making the same allegations and seeking the same relief for the new trespasses committed by Simpson, Woolem and Balanger since the dismissal of the old suit, and procured another temporary restraining order from the clerk of the circuit court, without notice.

Thereafter, the defendants in the new suit gave notice to the plaintiffs that they would, on a certain day, apply to the judge of the circuit court to dissolve the restraining order issued by the clerk, and the plaintiffs gave notice that they would, at the same time and place, move the circuit judge to grant them a temporary injunction against defendants.

Upon the hearing of these motions, oral testimony was heard, affidavits and exhibits were filed by both parties, and the record in the old suit was also filed and considered, resulting in the granting of a temporary injunction, restraining the defendants from entering upon, or molesting in any way, any of the land involved, upon the execution by plaintiff of a bond in the sum of one thousand dollars, which was duly executed; and the temporary injunction was issued. The motion of defendants to dissolve the temporary restraining order was over-ruled.

To dissolve this temporary injunction granted by the judge of the Harlan circuit court, upon notice, a motion, accompanied by the entire record considered by the circuit judge, is made before me by the defendants, and it is urged that the temporary injunction ought to be dissolved for the following reasons: First, because a temporary restraining order having been issued in the old action, which was between the same parties, upon a similar state of facts, involving the title to the same land and seeking the same relief, plaintiffs are not entitled to another temporary restraining order or injunction, by reason of the provision of section 273 of the Civil Code, providing that no injunction shall be granted thereunder, unless it appear from the affidavit of the party applying therefor that it has not been refused by the court; second, that plaintiffs failed to make such a showing, upon the hearing, as is necessary to entitle them to the temporary injunction granted.

(1) It is claimed by the defendants that it was the evident intention of section 273 of the Civil Code to prohibit the granting of more than one temporary injunction to the same parties in the same litigation, and that the suit recently filed by the plaintiffs is, in fact, but a continuance of the old suit, dismissed by plaintiffs without prejudice.

We are unable to concur in this construction of the code provision, since it, by its terms, provides only, that the temporary injunction shall not be granted if it has theretofore been refused by the court or any circuit judge. The plain purpose of this provision is, simply to prevent a litigant, after the court or a circuit judge has refused to grant him a temporary injunction, from renewing the application before the clerk, or other named officer having only a limited power to issue such an order, in the absence of the court. The authority to issue the

temporary restraining order, by officers other than the court, can be exercised by them only in absence of the judge of the court from the county, and not then if the court, or any circuit judge, has considered and acted upon the matter. The only restriction in the section, upon the power of the judge of the circuit court, is where a temporary injunction has been refused by the circuit court or any circuit judge.

Besides, while the parties are the same in both of these actions and both actions involved the title to the same land, the trespasses enjoined in the second action are not the same that were involved in the former action.

Only a temporary injunction is involved here, and the only purpose and effect of such an injunction is to maintain the *status quo* until the controversy is finally disposed of. No final disposition has been made of the matter at issue between the parties, and if, as alleged, the defendants are insolvent, unless the court has the power to issue the temporary restraining order, defendants might, during the pendency of the action, remove all of the timber from the land in dispute, which possibly is its chief value, and the plaintiffs would be left without a remedy, even though it should be finally determined that they, and not the defendants, own the land. Neither the terms of the statute nor the obvious purpose for which it was enacted will permit of such a construction.

It was in the power of the defendant, Simpson to have prevented a dismissal by plaintiffs, of his claim to title to the land, in the first suit, if he desired to procure a judgment thereon in that action, since he had asserted, as a counter-claim, his title to the land in controversy, just as he has in the present action. Civil Code, section 372, and notes thereto. Having permitted his counter-claim to be dismissed, when he could have prevented it, he cannot complain of the delay resulting therefrom, and the court's action herein is not prejudicial to him, since his every right is protected, during the pendency of the action, by the bond that plaintiffs have been required to give, and only by the temporary injunction can the asserted rights of the plaintiffs be likewise protected.

2. Considering the other reason urged for the dissolution of the injunction, it is only necessary to say that, upon the pleadings, evidence and exhibits filed by plaintiffs, they appear to have made out a case entitling them to the relief sought, and we do not think that the temporary injunction ought now to be dissolved; but that the

decision of this matter is not, of course, to be considered as in any way binding, either upon the trial court or upon this court, as an expression upon the merits of the respective rights or titles of the parties in the final disposition of the case. The only effect of this order is to overrule the motion to dissolve the temporary injunction, and defendant's rights upon final hearing are in nowise prejudiced thereby. Upon such a motion, the only matters that can properly be considered are whether or not the statements in the verified petition, in connection with the evidence heard, show a probable right to the relief sought; and it is not to be expected that the party applying for the temporary injunction should come as fully prepared with proofs as he might on the final hearing of the cause. Owen County Burley Tob. Soc. v. Brumback, 128 Ky. 137; Bibb v. Prather, 2 Ky. 136, 2 Am. Dec. 711; 22 Cyc. 751, *et seq.*; 14 R. C. L. 312.

Chief Justice Settle and Judges Carroll and Thomas have considered this motion with me and concur in this order.