## Sparr v. Fulton National Bank.

(Decided March 12, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. **Bills and Notes—Assignment After Maturity—Defence.—**Where notes were assigned after their maturity and suit is brought by the assignee against the maker, the latter is entitled to make any defense to prevent a recovery thereon, that would have been available against them in the hands of the assignor.

2. **Bills and Notes—Action Upon by Assignee—Fraud—Cancellation.** —Where the maker of notes, when sued upon them by an assignee of the payee, sets up in answer that the consideration for which they were given had failed and that their execution was procured by the fraud of the assignor, and makes the answer a counterclaim for the sole purpose of obtaining their cancellation, and such defense is sustained by the evidence, the dismissal without prejudice of the action by the plaintiff should not prevent the granting of the maker's prayer that the notes be cancelled; and in such state of case the refusal of the trial court to adjudge their cancellation, as well as its action in dismissing the counterclaim, will constitute error compelling a reversal.

DAVID R. CASTLEMAN and PRYOR & CASTLEMAN for appellant.

HENRY J. TILFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

Notwithstanding the issues made by the pleadings in this case the facts disclosed by the evidence are undisputed. They show that during the year 1912 the appellant, A. E. Sparr, then foreman in a Louisville fruit product manufactory, removed to Atlanta, Georgia, to accept like employment of Jones Brothers & Company, engaged in a similar business. Soon after entering the service of Jones Brothers & Co., appellant was solicited by the company, through its president, G. C. Jones, to purchase ten shares of its capital stock at its par value of $1,000.00. Appellant seemed reluctant to make the purchase and informed the president that he had nothing but the wages he was receiving and that he did not wish to go in debt for the stock, whereupon he was told by the president that he could pay for the stock in cash whatever sum he could spare for that purpose and execute his notes for the balance, to be paid out of his earnings as the foreman of Jones Brothers & Company, and renew the notes from time to time until they could be finally discharged in that way; and further, that in the event he should quit the employ of Jones Brothers & Company before the notes were paid, the company would deliver to him such proportion of the stock as may have been paid for to such time and surrender to him the notes or such part thereof as remained unpaid. Upon receiving from the president of Jones Brothers & Company a writing containing the terms of the contract as above stated, appellant paid the company $100.00 in cash and executed to it his three notes of $300.00 each, all of date August 22nd, 1912, and due January 1st, 1913, July 1st, 1913, and January 1st, 1914, respectively, bearing six per cent. interest from date.

Appellant remained in the employ of Jones Brothers & Company until December 24th, 1913, and then quit their service and returned to Louisville, Kentucky, where he has since resided, his reason for doing so being that he had ascertained during the early part of the year 1913 that it was not operating its manufacturing business at a profit. Although appellant had paid, in addition to the $100.00 cash payment on the stock purchased by him, $50.00, there was never a delivery of the stock to him nor surrender to him of the three notes. After his return to Louisville, however, and after the maturity of the last note which became due January 1st, 1914, the three notes were sold and assigned by

Jones Brothers & Company to the appellee, Fulton National Bank, of Atlanta, Georgia, which on the first day of April, 1916, brought suit upon them against appellant in the Jefferson circuit court, common pleas branch, second division.

The appellant's answer denied his liability upon the notes or any of them, pleaded the contract above set forth under which he had purchased of Jones Brothers & Company the capital stock of the value of $1,000.00 and the conditions upon which he had executed the three notes, and also alleged that by the terms of the contract and his quitting the service of Jones Brothers & Company he was entitled to the return of the three notes, but that they were never returned to him, nor did he receive of Jones Brothers & Company any of the stock for which they were executed. It was, in addition, alleged in the answer that the sale of the stock to him by Jones Brothers & Company and his execution of the notes therefor were procured by fraud upon the part of the company through its president, George C. Jones, in falsely representing to him that the stock sold him was of the value of $1,000.00 and that the business of the company was being conducted at a profit; that the appellee, bank, purchased and obtained an assignment of the notes after each of them had become due and by reason thereof did not become a holder of them in due course. The prayer of the answer asked the cancellation of the three notes in question and to that end the pleading was made a counterclaim against the bank. The affirmative matter of the answer was denied by reply, which in turn was controverted of record. A jury was waived and the case submitted to the court for trial and judgment, and upon the conclusion of the evidence the appellee moved to dismiss its petition without prejudice, which motion was sustained, the petition dismissed and appellant allowed his costs. Appellant thereupon moved the court for judgment upon his counterclaim and a cancellation of the notes sued on in accordance with the prayer of his answer; but this motion the court overruled, and dismissed the counterclaim as it had the petition. Appellant excepted to so much of the judgment as refused the cancellation of the notes and dismissed his counterclaim. Hence, this appeal.

It is patent from the evidence that when appellant quit the service of Jones Brothers & Company that com-

pany was still the owner and in possession of the three notes, and equally patent from the evidence that they were not sold or assigned by Jones Brothers & Company to the appellee, bank, until after the last of the notes became due. It, therefore, follows as a matter of law that, the appellee, bank, did not become the holder of the notes in due course. Therefore, the appellant was not estopped to defeat a recovery thereon upon the grounds of defense set up by his answer. In other words, appellant had the same right to resist a recovery upon the notes in the hands of the appellee, bank, that he might have relied upon as a defense against them if they had remained the property of Jones Brothers & Company. Kentucky Statutes, section 3720b, subsections 28, 58 and 59.

In addition to the support given it by the testimony of witnesses appearing in the record, the defense interposed by the answer was conclusively established by the writing executed to the appellant by Jones Brothers & Company at the time the latter obtained of him the notes, and it was doubtless appellee's recognition of this fact that induced the dismissal by it of the action.

The question to be determined is, should the circuit court have cancelled the notes as prayed by appellant? Civil Code, section 372, declares: "A defendant is entitled to a trial of a set-off or counterclaim, although the plaintiff dismiss his action or fail to appear." In refusing this relief that court seems to have proceeded upon the theory that appellant's counterclaim could not be maintained because: (1) Jones Brothers & Company, the original payee in the notes, were necessary parties to the action or counterclaim; (2) that the facts alleged by appellant did not constitute a counterclaim. Manifestly, Jones Brothers & Company were not necessary parties to the action for the cancellation of the notes or any other purpose, as according to the averments of the petition that company had no interest whatever in the notes; for it is alleged in the petition that the bank "is now the owner and holder of said notes," which were "sold, transferred and assigned" to it by Jones Brothers & Company for a valuable consideration. This being true, the assignment operated in law to vest the entire right and title to the notes in the bank and this would be equally true if as intimated in another part of the petition, when first received these notes were as-

signed to the appellee, bank, by Jones Brothers & Company, as collateral to secure the payment of an indebtedness owing by that company to it with power to collect same and apply on such indebtedness. In that view of the matter appellee had the right to maintain the action without Jones Brothers & Company as parties thereto. Indeed, under section 3720b, subsection 51, Kentucky Statutes, such right in the holder of a note to maintain the action is expressly declared. Again it may be said that if appellee merely had a lien upon the notes as collateral security it would still be a holder thereof with full right to maintain an action thereon without making the assignor a party, for on this subject, Kentucky Statutes, section 3720b, subsection 27, declares that, "where the holder has a lien on the instrument arising from contract or by implication of law he is deemed a *holder* for value to the extent of his lien." And it is alleged in the petition that the indebtedness of Jones Brothers & Company to the appellee, bank, exceeds in amount the entire value of all the collateral it received from them. The counterclaim sought no judgment over or against appellee or any other party for any amount. Having been brought into court by an action upon the notes, appellant's answer concedes the right of appellee to maintain the action, but resists any recovery upon the notes by interposing the defense that the consideration for which they were executed has failed and that their execution was procured from him by fraud. Obviously, this defense, as here established, would have entitled appellant to a cancellation of the notes if suit had been brought upon them by Jones Brothers & Company; and if the defense would be available against Jones Brothers & Company, it is equally so against appellee, the assignee and present holder of the notes.

The cases of Howard v. Jones, 147 Ky. 303, and True v. Triplett, 4 Met. 51, cited in the opinion of the circuit court in support of its conclusion that appellant was not entitled to the cancellation of the notes, are not in point. In Howard v. Jones it was held that when an answer, called in the caption a counterclaim and cross-petition, stated no facts to sustain a judgment against the plaintiff, it could not be amended as a counterclaim after the latter had dismissed his action without prejudice. And further that a cross-petition against one not

a party to the action, can only be maintained with leave of court, and the court may refuse to allow it when the action is dismissed without prejudice. In True v. Triplett the action was brought by the assignee against the makers of a note. The answer, which was attempted to be made a set-off and counterclaim, set up certain payments, partly usury, which had been made to the assignor of the note prior to the assignment thereof, and prayed a recovery of the assignor for so much of the payments as constituted usury, and for that purpose that the latter be made a party to the action; but he was not made a party. It was held that the pleading, though so styled, was not a set-off or counterclaim, but was sufficient as an answer as the payments alleged therein to have been made the assignor, whether usury or otherwise, constituted a defense to a recovery upon the note by the assignee. Civil Code, section 96, defines a counterclaim:

"A counterclaim is a cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract or transactions stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action."

Measured by the above definition of a counterclaim the pleading filed by appellant must be regarded a counterclaim. The facts alleged therein for the cancellation of the notes, would, if alleged in a petition filed by appellant against appellee as assignee and holder of the notes to obtain their cancellation, have authorized the relief prayed without making the assignor, Jones Brothers & Company, a party to the action; and if by himself suing he could obtain the relief, for the same reason he would be entitled to it when sued upon the notes.

On the other hand, if the doctrine announced in True v. Triplett, *supra,* should be applied, and the pleading in question be declared not a counterclaim, the matters alleged as a ground for the cancellation of the notes would nevertheless constitute a good defense to a recovery upon the notes; and if sufficient to defeat a recovery thereon, the right of appellant to the cancellation prayed would necessarily result in order to afford him complete relief. Here there was no failure to plead the facts constituting the counterclaim before the dismissal of appellee's action. They were pleaded at the begin-

ning and in connection with the matters of mere avoidance alleged in the answer, and judgment asked for the cancellation of the notes before and when appellee's action was dismissed, which upon the evidence in the record entitled appellant to the judgment prayed. If the cancellation of the notes were not allowed appellant might yet be subjected to another suit upon them in the hands of a different holder and thereby be put to the trouble and expense of again making the same defense to them that was made in this case.

For the reasons indicated the judgment is reversed and case remanded with direction to the lower court to enter a judgment setting aside the order dismissing appellant's counterclaim, and cancelling the notes.