## Martin, et al. v. Mathis.

(Decided October 9, 1923.)

Appeal from Spencer Circuit Court.

Limitation of Actions—Petition in Action Not Considered as Amendment to Petition in Another Action.—The court cannot treat a pleading in one equitable action, which on its face purports to be a petition in equity, as merely an amendment to a petition in another equitable action on the docket, even though both actions are primarily based upon the same cause of action, and the consolidation of the two equitable actions could not make the pleadings in one a part of the pleadings in another, in applying the statute of limitations.

WILLIS, TODD & WILLIS, AMOS WILLIAMS and R. F. PEAKE for appellants.

J. W. CRUME and L. W. ROSS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On the 2nd of October, 1916, appellee, Mathis, offered his farm of 275 acres for sale at public auction, and the same was knocked off to appellant, Minor Martin, at $8,482.50. Martin refused to comply with the terms of the sale, and Mathis then gave him written notice that he would thereafter on the 6th day of November, 1916, offer the farm for sale again, and if it brought a less amount than Martin bid at the first sale he would look to him for the difference.

A second sale was held and the property only brought $6,635.69, and accordingly Mathis filed his ordinary ac-

tion against Martin to recover the difference, together with interest and some costs, etc., of the second sale.

In that ordinary action Mathis recovered a judgment for something over $1,900 against Martin, and thereafter had an execution issued on the same, which was duly returned "no property found."

Martin, however, appealed from, without superseding, that judgment, and this court, on April 23, 1919, reversed same. Martin v. Mathis, 184 Ky. 20.

The judgment in that common law action was entered at the March term of the circuit court, 1918, and after the return of no property found, and on the 3rd of May, 1918, Mathis filed an equitable action seeking to set aside a conveyance by Martin to his wife of six tracts of land as fraudulent, said conveyance having been made by Martin to his wife on the day that Mathis notified him of his purpose to hold him liable if upon a resale it brought less.

The issues in that equitable action were made up, and the plaintiff therein, in March, 1919, took depositions thereon, which depositions were filed in that action at the March term, 1919.

The first equitable action remained on the docket, but because of the reversal of the common law judgment and the remanding of that action for a new trial, and of the subsequent proceedings in that action, as will hereafter be set out, no further step was taken in the equitable action until the 21st day of March, 1922, when the plaintiff therein entered a motion to consolidate that equitable action with another equitable action subsequently instituted by him after the final termination of the ordinary action.

Upon a second trial of the ordinary action there was a verdict for the defendant, and Mathis appealed to this court from a judgment entered on that verdict, and that judgment was reversed for another trial. Mathis v. Martin, 190 Ky. 728.

Upon a third trial of that action the plaintiff again recovered a judgment for practically the same amount as the first judgment recovered by him, and in January, 1922, while the first named equitable action was still on the docket, he instituted a new equitable action setting up the last named judgment recovered by him in the common law action, and seeking in substance the same relief he had sought in the first equitable action.

In the last equitable action the defendants answered, denying the material allegations of the petition, and in a second paragraph pleading and relying upon the five years' statute of limitations, and thereafter the court entered an order consolidating the two equitable actions.

Then on May 1st the plaintiff filed a reply wherein he merely denied that his cause of action set up against the defendants is barred by the statutes of limitations. No demurrer was filed to the plea of limitation, nor was any filed to the reply.

At the November term, 1922, the court entered a judgment setting aside the conveyance from Martin to his wife of the six tracts of land; sustaining an attachment that had been levied on certain other tracts of land as the property of Minor Martin, and directing a sale of them. It was further adjudged that a certain payment of $6,300.00 made by the defendant, Maggie Martin, wife of Minor Martin, to A. N. Martin, a brother of Minor Martin, to satisfy a supposed lien held by A. N. Martin, was fraudulently made, and made with the money of Minor Martin. It was adjudged that two shares of bank stock held and claimed by Minor Martin, Jr., was the property of Minor Martin, Sr., and ordered same subjected to the payment of plaintiff's judgment.

A careful consideration of the record is convincing that the judgment of the chancellor, so far as the merits of the case go, is entirely correct. That the various conveyances of land and transfers of personal property by Minor Martin were fraudulently made, and for the specific purpose of evading the payment of the obligation represented by the judgment in the common law action, is made clear throughout the record.

But with reluctance we find it necessary to reverse the judgment because we are unwilling to treat the petition in the last equitable action as an amendment to the pleadings in the first so as to evade the application of the statute of limitations to the latter action. On the face of the pleadings the latter equitable action stands barred, because it was instituted more than five years after the fraudulent transaction sought to be set aside, and we are aware of no practice by which we could consistently treat a pleading in one equitable action which on its face purports to be a petition in equity, as merely an amendment to a petition in another equitable action on the docket,

even though both actions are primarily based upon the same cause of action.

The consolidation of two equitable actions cannot make the pleadings in one a part of the pleadings in the other; each separate action must be determined on its own pleadings. 1 C. J. 1137.

There was no necessity for the institution of the second equitable action, and there was no reason why the plea of limitation in that action should not have been sustained.

If, however, the plaintiff had filed an amendment to his original action and set up in effect the same things contained in his petition in the second action, it would merely have been the perfecting of his original cause of action first set up, and would thereby have avoided in the first action the plea of limitation.

Because of the unusual situation presented, and in the interest of justice, on the return of the case he will be permitted to file such an amendment, if he desires.

We find no other error, but for the single reason indicated, the judgment is, reversed for further proceedings consistent herewith.