## Siddens v. Thomas.

(Decided February 10, 1931.)

STOUT & HERDMAN and V. H. BAIRD for appellant.

LAURENCE B. FINN and JOHN E. RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. Hardy Thomas brought suit against W. M. Siddens to recover on a promissory note for $3,075. He alleged that the note was held by the American National Bank as collateral security for a note which he had executed to the bank. The bank filed an answer and cross-petition setting forth that the note sued on was held as collateral to secure certain indebtedness of Thomas. A special demurrer was sustained to the petition on the ground that Thomas could not maintain the action.

Thereafter Thomas satisfied the bank's claim, and it transferred the note to him. Thereupon he filed an amended petition disclosing that fact, and Siddens filed a pleading denominated "amended answer and counterclaim," which is as follows:

"Comes the defendant and asks the court to permit him to amend his original answer to conform to the evidence and in furtherance of justice and for amendment he states that the note sued on was executed for stock in the Thomas-Hinton Company, a corporation, and at the time he purchased said stock, the said Thomas-Hinton Company, by and through its agents and servants in charge of its business falsely represented to him that said stock was worth par, and that the business was making ten per cent. on the investment, and that the money and note executed by this defendant would be used to discount the bills that the said corporation owed, and in that way a profit would be made, and that the stock was good and worth the money, and he relied on the statement of the agents and servants and purchased said stock and paid his money executed the note sued on, and he alleges that said stock was of no value at all, and in fact the business of said corporation was insolvent at the time the note sued on was made which was known by the said Thomas-Hinton Company, that by reason of said fraud and misrepresentations of the agents of said corporation, he has been and was damaged in the sum of Three Thousand and Seventy-five dollars with interest from June 8th, 1925, till paid.

"He pleads these facts as a counterclaim and set off against the plaintiff and asks that he be adjudged damages to the amount of the note sued on to the amount of $3,075.00, with interest from the 8th day of June, 1925, in damages, and said amount be set off against said note, and finally he prays for all proper relief."

A trial before a jury resulted in a verdict and judgment for Siddens. On appeal the judgment was reversed for errors in the instructions and remanded to the Barren circuit court "for proceedings consistent with this opinion." Thomas v. Siddens, 230 Ky. 651, 20 S. W. (2d) 482, 484. On the filing of the mandate in the court below the case was set for trial. Before the day of the

trial Thomas entered a motion to dismiss the action with out prejudice. The motion was sustained and an order entered dismissing the action without prejudice, with leave to Thomas on filing with the papers a copy of the note sued on to withdraw the note. Siddens appeals.

Appellant first insists that, as the judgment on the former appeal was reversed and the cause remanded "for proceedings consistent with this opinion," appellee had no right to dismiss the action. In support of this position we are referred to 18 C. J. p. 1158, sec. 30, where it is said: "Plaintiff, however, is not entitled to enter a nonsuit over the objection of defendant after a reversal with directions as to entry of judgment, or where the reversal is with instructions to proceed in conformity to the opinion." The case was not remanded with directions as to entry of judgment, so the only question is, Does it fall within the rule denying the right to a nonsuit "where the reversal is with directions to proceed in conformity to the opinion?" The cases cited by C. J. to sustain the quoted language are Gage v. Bailey, 119 Ill. 539, 9 N. E. 199, 200; Newberry v. Blatchford, 106 Ill. 584; Wadhams v. Gay, 83 Ill. 250. An examination of these cases shows that they were all equitable actions; that in Gage v. Bailey and Newberry v. Blatchford, it was held that, where the Supreme Court passes upon the merits and finds that a bill is without equity and remands the case for proceedings "not inconsistent with the opinion," or "in conformity to the opinion," there is nothing left but to dismiss the bill; and that in Wadhams v. Gay, it was held that, where a chancery cause was decided in the Supreme Court on the merits, the opinion finding that there is no equity in complainant's bill and the cause is remanded for further proceedings in conformity with the opinion, it is the duty of the lower court to dismiss the bill for want of equity, and error to allow the complainant to dismiss without prejudice. It is at once apparent that these opinions are not controlling. The action was at common law, and triable by a jury. On appeal it was not decided on its merits. It was reversed for errors in the instructions. It was not remanded with specific directions for settling the controversy. Though the words "for a new trial" were omitted, that was the effect of the mandate. The cause then stood for trial de novo, and, not having been submitted to the jury, appellee had the right to dismiss without prejudice to a future action. Civil Code of

Practice, sec. 371. Vertrees' Adm'r v. N. N. & M. V. R. Co., 95 Ky. 314, 25 S. W. 1, 15 Ky. Law Rep. 680. However, in view of section 372, Civil Code of Practice, providing that a defendant is entitled to a trial of a set-off or counterclaim, although the plaintiff dismiss his action or fail to appear, appellee could not dismiss his petition and thereby deprive appellant of his right to a trial of his counterclaim if it was a counterclaim within the meaning of the Code. ''A counterclaim is a cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract, or transactions, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action.'' Civil Code of Practice, sec. 96. The test, we think, is whether the pleading states a cause of action on which an independent trial may be had. Clearly, if appellant had asked a cancellation of the note, he would have been entitled to a trial. Sparr v. Fulton National Bank, 179 Ky. 755, 201 S. W. 310. Here appellant asked for no affirmative relief, but asked damages to the amount of the note. In the circumstances his alleged counterclaim was purely defensive, and stated no cause of action against appellee. Therefore, when the petition was dismissed, the note was out of the picture, and the alleged counterclaim was not of that character on which an independent trial could be had.

But the point is made that the propriety and sufficiency of the amended answer and counterclaim were raised on the former appeal, and, though not mentioned were concluded by the opinion. The only question that, it can be fairly said, was determined on the former appeal was the sufficiency of the pleading to constitute a defense. Whether it was a counterclaim that stated a cause of action against appellee, and upon which appellant was entitled to a trial, notwithstanding the petition was dismissed without prejudice, was not involved either directly or indirectly, and was not an error upon which appellee relied, or might have relied, for a reversal of the judgment.

It follows that the case was not concluded by the former opinion.

Judgment affirmed.