## Wagner v. Swoope.

(Decided Nov. 15, 1932.)

20

M. L. HARBESON and L. W. SCOTT for appellant.
BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

In 1927 C. T. Swoope was the owner of certain lots situated in the city of Covington, Kenton county, Ky., and desiring to have a building erected thereon, entered into a contract, for an agreed consideration, with Bertram Wagner to erect it according to agreed plans and specifications. The building was completed during the year 1927. Pending its construction Swoope paid to

Wagner the agreed price, except $3,588.11. To secure the payment of this amount, Wagner filed within six months after the completion of the building, on the 27th day of May, 1927, in the office of the county clerk of Kenton county, the statement required by section 2468, Ky. Statutes, asserting and declaring, under section 2463, Ky. Statutes, a lien on the property therein described. On September 27, 1927, Swoope borrowed from the Walton Equitable Bank $12,500, which was evidenced by his note, secured by a mortgage, executed and delivered by Swoope and wife to it, on the property on which Wagner had previously asserted the mechanic's lien. On January 28, 1928, Swoope filed in the Kenton circuit court an action against Wagner, the Queen City Lumber Company, a corporation, and the Henemann Plumbing Company, the name under which James Henemann was engaged in business. On the 11th day of May, 1928, Wagner filed an answer and cross-petition to the petition of Swoope. In his petition Swoope charged that he had paid to Wagner the $3,-588.11 for the material and labor furnished in the construction of the building and that the record of Wagner's mechanic's lien created a cloud on his title, and that Wagner had transferred of his claim for the $3,-588.11 against him, to the Queen City Lumber Company, the amount of $2,058.11, and to the Henemann Plumbing Company, $951.07. He sought a decree against the three declaring the $3,588.11 paid, and a cancellation of the mechanic's lien to secure it. By an amended petition Swoope charged that he had paid to Wagner the $3,588.11 by transferring and delivering to him a note for $4,250.00, dated June 2, 1925, secured by a vendor's lien on 100 acres of land in Ripley county, Ind. Wagner's answer, traversed Swoope's original and amended petition and by proper allegations stated a cause of action against Swoope for the $3,588.11, and a mechanic's lien to secure it, on the property of Swoope. He alleged that the writings transferring it had been made to the Queen City Lumber Company and the Henemann Plumbing Company to secure the one in the payment of $2,058.11, and the other in the sum of $951.06. The answer contained an averment that Swoope had executed and delivered to Walton Equitable Bank a mortgage to secure it in the payment of $12,500 on the property on which his mechanic's lien existed, and it was called upon to set up its interest which was alleged to be inferior to Wagner's lien.

Proper prayer was made for reference to the master commissioner as required by section 2471, Ky. Statutes.

On the 9th day of January, 1930, the Walton Equitable Bank filed in the Kenton circuit court an action against Swoope and wife, Wagner, the Queen City Lumber Company, and the Henemann Plumbing Company, to recover of Swoope and wife the $12,500 and to enforce its mortgage to secure its payment. It further charged that they were asserting certain liens against the property therein described, and their liens, if they existed, were inferior to its mortgage.

On February 26, 1930, on motion of plaintiff and defendants, the Walton Equitable Bank and the Covington Trust & Banking Company, an order was entered consolidating the action of the Walton Equitable Bank v. C. T. Swoope et al., with the action of Swoope v. Wagner et al., "the action of the Walton Equitable Bank to be the leading case." On April 8, 1930, Wagner filed in the clerk's office a motion to have his answer and cross-petition in the action of Swoope against him and others, taken as his answer and cross-petition to the petition of the Walton Equitable Bank, and all other parties claiming a lien upon or an interest in the property, in its action against Swoope, Wagner, and others.

On the 14th of April, 1930, his answer and cross-petition in the action of Swoope against him and others, were ordered to be considered and taken as his answer and cross-petition to the petition of the Walton Equitable Bank and others. On June 5, 1931, Swoope entered a motion to set aside the order of submission theretofore made, and to dismiss his petition. His motion was sustained, and the motion to resubmit for judgment was continued. On July 14, 1930, the order of submission theretofore entered was set aside. Leave was granted Wagner to amend his answer and cross-petition by adding to the caption thereof the words, " 'Counterclaim,' on the face of the pleading," which was accordingly done. No objection was interposed to his motion, nor was any exception reserved to the action of the court permitting him to amend the caption of his answer and cross-petition. Both Wagner and Swoope filed responsive pleadings as to each other in the action of the Walton Equitable Bank against them and others. Other pleadings were filed in the consolidated actions which we do not deem necessary to consider to determine cor-

rectly and properly the vital issues presented by the pleadings which we have herein set out. Evidence was taken and read on the issues, and on final hearing it was decreed that Swoope had paid the $3,588.11, sought to be recovered of him by Wagner, by the transfer and delivery of the $4,200 note, secured by a lien on the land situated in Indiana. It was also determined no proceedings were begun within one year from the filing of Wagner's claim in the county clerk's office as provided by section 2495, Ky. Stats., and therefore the mortgage of the Walton Equitable Bank was superior and prior to Wagner's mechanic's lien. At the time Swoope procured the loan of $12,500, and executed and delivered the mortgage to secure it, the Walton Equitable Bank retained $3,660 for the purpose of discharging the mechanic's lien in favor of Wagner.

The Walton Equitable Bank was decreed the right to retain as against Wagner this $3,660. Wagner appeals. No elaborate narration of the evidence is necessary or required on the issue as to the payment of Wagner's claim by Swoope's transfer of the $4,200 note. Without the testimony of Wagner, that of Swoope and his witnesses establishes beyond doubt that Swoope did not deliver to Wagner, and Wagner did not receive and accept, the $4,200 note in payment of his claim of $3,588.11 against Swoope.

The setting aside the order of submission and permitting Swoope to dismiss his petition was in the discretion of the court (Wilhelm's Ex'r v. Bains, 147 Ky. 832, 145 S. W. 1125), but such dismissal did not affect the right of Wagner to a trial of the cause of action set up in his answer and cross-petition, if the allegations therein were sufficient to constitute either a counterclaim or set-off as against Swoope. Section 372, Civil Code of Practice; Sparr v. Fulton Nat. Bank, 179 Ky. 755, 201 S. W. 310. The dates of the filing of the pleadings and of the entry of the court's orders, as well as the orders themselves, show that neither the parties nor the court regarded the dismissal of Swoope's petition as carrying with it Wagner's cause of action set up in his answer and cross-petition.

The effect of the dismissal of Swoope's petition was to take out of the case only so much of Wagner's answer as was a denial of Swoope's cause of action, but so much of the answer as set up a counterclaim, set-

off, or cross-petition, remained pending. Rucker v. Baker, 7 Ky. Op. 252; Northwestern Mutual Life Ins. Co. v. Barbour, 95 Ky. 7, 23 S. W. 584, 15 Ky. Law Rep. 394; Ringo v. New Farmers' Bank, Trustee, 101 Ky. 91, 39 S. W. 701, 19 Ky. Law Rep. 91; Brashears v. Letcher County Court, 41 S. W. 22, 19 Ky. Law Rep. 478; Howard v. Simpson, 175 Ky. 237, 194 S. W. 105; Siddens v. Thomas, 237 Ky. 362, 35 S. W. (2d) 537. The answer of Wagner contains the essential and required allegations to state a cause of action against Swoope, sufficient to authorize and sustain a recovery on his claim of $3,588.11 against him, and to enforce a lien under section 2463, Ky. Stats., to satisfy the claim, although it was only denominated in the caption, "answer and cross-petition." It also set forth facts constituting a cross-petition against the Walton Equitable Bank. Under section 372, Civil Code of Practice, and its construction and application in the cases cited above, the dismissal of Swoope's petition left unaffected the right of Wagner to a trial of his cause of action against Swoope as set out in his answer. No summons as against Swoope was necessary. Section 97, subsec. 2, Civil Code of Practice. The penalty imposed on Wagner for the failure of the caption of his answer to contain the word "counter-claim" as imposed by subsection 4 of section 97, of the Civil Code, was that he was thereby deprived, on the submission of the case for trial, to a judgment on his counterclaim as against Swoope unless it was so captioned. Mitchell v. Smith, 231 Ky. 253, 21 S. W. (2d) 279. By leave of the court, without objections, he was permitted during the pendency of the action before the rendition of the judgment to amend the caption of his answer and cross-petition by adding thereto the word "counter-claim." This amendment of the caption met the requirements of subsec. 4 of section 97, and entitled him to a judgment according to this Code provision.

On the day his answer and cross-petition was filed to the petition of Swoope, summons was issued thereon by the clerk of the court against the Walton Equitable Bank. It was duly served on it and a return thereof was made by the sheriff, showing its execution on the Walton Equitable Bank. The dismissal of the petition of Swoope left Wagner's cross-petition against the Walton Equitable Bank also pending and unaffected.

Sawyers v. Langford, 5 Bush, 539; Chinn v. Curtis, 71 S. W. 923, 24 Ky. Law Rep. 1563. The consolidation of the actions of Swoope against Wagner and others, with that of the Walton Equitable Bank, was proper. Wygal v. Georgia Home Ins. Co., 148 Ky. 674, 147 S. W. 394. So long as the order of consolidation existed, it made no difference whether the cause was entitled, in the name of one or the other, in the orders of the court or depositions. Thompson's Adm'r v. Bailey's Adm'r, 1 Ky. Law Rep. 321. Defective allegations in the pleadings in the one were supplied by the adequate and proper allegations of the pleadings in the other. Von Cotzhausen v. Barker, 154 Ky. 624, 157 S. W. 1093; Daugherty v. Bell National Bank, 175 Ky. 513, 194 S. W. 545. However, the consolidation did not make the pleadings in the one, a part of the pleadings in the other; each separate action was to be determined on its own pleadings, subject to the rule that the defective allegations in the pleadings in the one were cured by proper and sufficient pleadings in the other. Martin v. Mathis, 200 Ky. 410, 255 S. W. 57. After a consolidation of the actions, the subsequent pleadings of the parties were to be taken as the pleading of each of those identified in interest. Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50.

The court permitted Wagner's answer, counterclaim, and cross-petition in the action of Swoope against him and others to be treated as his answer and counterclaim to the petition filed in the action of the Walton Equitable Bank against him and others. In its pleading responsive thereto, the Walton Equitable Bank interposed section 2495, Ky. Stats., as a bar of Wagner's recovery on the cause of action set forth in his answer and counterclaim to its petition. To this pleading, Wagner, in avoidance, relied on the pendency of his cause of action set up in his answer and counterclaim and cross-petition in the action of Swoope against him and others.

It was the conclusion of the court, and a decree was so entered, that Wagner was precluded by section 2495 from asserting a lien under section 2463 to secure the payment of his claim of $3,588.11 as against the mortgage of the Walton Equitable Bank.

The statement of Wagner asserting his lien was verified and filed in the proper office within six months

after the completion of his contract with Swoope, as required by section 2468, Ky. Statutes. His answer and cross-petition in the action of Swoope against him and others were filed within one year of the filing of his claim in the county clerk's office.

The filing of the action of the Walton Equitable Bank against him and others and the order of court treating his answer, counterclaim, and cross-petition as his answer to the petition of the Walton Equitable Bank, did not deprive Wagner of the right to enforce his lien in the action of Swoope against him; the dismissal by Swoope of his petition having left unaffected his right of trial of his cause of action set forth in the answer, counterclaim, and cross-petition therein. Section 2495, relied upon by the Walton Equitable Bank under the pleadings, did not affect Wagner's lien asserted in his answer and cross-petition in the action of Swoope against him. Wagner transferred to the Queen City Lumber Company and the Henemann Plumbing Company a portion of the claim of $3,588.11 against Swoope, to secure them in the payments of the amounts he owed them. The written transfers expressly state that they were to secure their respective debts. The title of Wagner to the claim remained in him. All right of action to collect it, and to enforce the mechanic's lien existing to secure it, remained in Wagner, with only the right in the Queen City Lumber Company and the Henemann Plumbing Company to look to it as security for the payment of their respective debts. Their right thereto was an equitable one. They had no legal title to the claim, and the trial court erred in holding otherwise than we have indicated.

The lien of Wagner to secure the payment of the $3,588.11, and interest and costs, is prior and superior to that of the Walton Equitable Bank, and he is entitled to a sufficiency of the proceeds of the property to satsify the same. He is also entitled to a personal judgment against Swoope.

Judgment reversed for proceedings consistent herewith.