**SHELL PETROLEUM CORPORATION**
**v. SHORE et al.**
**No. 1304.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 26, 1935.

Thompson, Mitchell, Thompson & Young and John M. Holmes, all of St. Louis, Mo., for appellant.

Chas. G. Yankey, Harvey C. Osborne, John G. Sears, Jr., and Verne M. Laing, all of Wichita, Kan., and E. J. Taggart and John Bradley, both of Wellington, Kan., for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This action was instituted to recover damages for failure to drill offset oil wells on leased premises. Defendant sought no affirmative relief by way of counterclaim or otherwise. The case was tried and judgment rendered for plaintiffs. On appeal this court reversed the judgment, holding that there was no implied obligation to drill such wells. The case was remanded, with direction to proceed in accordance with the views expressed in the opinion.

72 F.(2d) 193. The mandate issued in strict conformity to the opinion and the trial court entered an order vacating the judgment and directing that all further proceedings be had pursuant to the opinion. Plaintiffs thereafter moved to dismiss their petition without prejudice to the right to bring another suit at law or in equity concerning the same matters. The motion was sustained; the action was dismissed without prejudice over the objection of defendant; and this appeal is from that order.

■ It is contended that the nonsuit is so broad that it permits the parties to litigate in another action matters which were decided on the former appeal and therefore violates the judgment and mandate of this court. The right of dismissal in an action at law is a question of procedure, and, pursuant to the provisions of the Conformity Act, must be determined by the law of the state. 28 U.S.C.A. § 724; Barrett v. Virginian Ry. Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Snider v. Sand Springs Ry. Co. (C.C.A.) 62 F.(2d) 635; Connecticut Fire Ins. Co. v. Manning (C.C. A.) 177 F. 893; Prudential Ins. Co. v. Stack (C.C.A.) 60 F.(2d) 830; Iowa-Nebraska Light & Power Co. v. Daniels (C.C.A.) 63 F.(2d) 322. We therefore turn to the law of Kansas.

The pertinent part of section 60—3105, R.S. 1923, provides:

"An action may be dismissed without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

The statute was considered in the case of Schrag v. Blaze Fork Drainage Dist., 123 Kan. 739, 256 P. 979. Plaintiff there sought a mandatory injunction to compel the removal of a dam placed in his drainage ditch and a restraining writ to prevent the collection of special assessments upon his land for the purpose of maintaining the drainage system. Plaintiff prevailed, and defendant appealed. The court reversed the decree and remanded the cause, with direction to proceed in accordance with the views expressed in the opinion. After the mandate issued in accordance with the opinion, plaintiff sought and obtained a dismissal of the action without prejudice. In sustaining that disposition of the case, the court quoted with approval language to the effect that the matter of a voluntary dismissal rests largely in the discretion of the trial court; that a plaintiff will be permitted to dismiss his action if it does not prejudice the rights of the defendant, but that such dismissal will be denied if it deprives the defendant of a just defense or some other substantial right. Making application of that doctrine, it was held that no abuse of discretion was shown. Defendant seeks to distinguish that case from this one, in that there several questions were not decided on the first appeal and hence remained for subsequent determination. That is merely a difference of fact which does not render the governing principle of law inapplicable here.

■ Ordinarily, after a judgment has been reversed on appeal and the cause remanded, the case stands for trial de novo on the issues properly joined. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas. 1914D, 1029. With respect to the right of plaintiff to take a voluntary nonsuit, it stands in the same relative position which it occupied before the trial in the first instance. Cybur Lumber Co. v. Erkhart (C.C.A.) 247 F. 284; Currie v. Southern Pac. Co., 23 Or. 400, 31 P. 963; Hayden v. Maine Cent. Ry. Co., 118 Me. 442, 108 A. 681; Siddens v. Thomas, 237 Ky. 362, 35 S.W.(2d) 537.

■ The dismissal did not deprive defendant of any defense or other substantial right. The fact that plaintiffs may institute another suit and subject defendant to the annoyance of double litigation is not enough within itself to take away the right of dismissal. Accordingly, we fail to perceive an abuse of discretion in the action of the court permitting plaintiffs to discontinue without prejudice.

The judgment is affirmed.