Chief Justice Robertson
delivered the Opinion of the Court— Judge Nicholas did not sit in this case.
This writ of error is prosecuted to reverse a judgment rendered against the plaintiff (Clark,) in an action ol'debt, which he instituted against the defendant (Schwing.)
The declaration contained two counts. In the first, the plaintiff averred, that the defendant, on the 19th of July, 1822, by his note of that date, “promised, sixty days after date, to pay plaintiff, or order, fifteen hundred dollars, without defalcation, negotiable and payable at the Louisville Branch Bank, for value received that the note having been assigned to said Bank, and the defendant having failed to pay it, the plaintiff, after it became due, did “ take up and pay the same to the said President, .Directors and Company ; of which defendant liad due notice; whereby he became bound to pay the plaintiff fifteen hundred dollars.
The second count was for money received to the plaintiff’s use.
Pleas ; demurrers, and judgment for defendant.
Cuestión, whether'the action, as stated, is on the note, and not within the statute of limitations, or on an implied liability - barred in 5 years.
The assignment of a note to the Bank of-Ky. is prima facie ev-dence of its having been discounted, and thereby placed on the footing of a bill of ex-ehange.
A party to such note, ' ho has taken it up, has a right to strike out his endorsement, and pio-ceed upon it, a-gainsttiiose w ho were liable before him, for the payment.
The defendant-, in a plea, No. 2, pleaded, to the whole declaration, that the plaintiff’s cause of action had not accrued within five years next before the institution of the suit. A demurrer to that plea was overruled, and the plaintiff failed to reply.
The defendant then filed another plea, No. 5, to the first count ; in which plea he averred, that the President, Directors and Company liad obtained a judgment against him on the note, which judgment the plaintiff af-terwards paid off and satisfied, more than five years pri- or to the impetration of his writ, and that, therefore, his cause of action did not accrue within the last five years. A demurrer to that plea having been also overruled, and the plaintiff haying failed to reply, judgment was rendered in bar of his action.
The declaration being good on itsjace, the pleas present the only questions which will be considered.
The second plea, so far as it applies to the second count, is unquestionably good ; but whether it is sufficient to bar the cause of action described in the first count, will depend on what that cause of action, as stated, shall be deemed to be. Is the first count on the note, or only on the liability, implied from the facts alleged ? If the latter be the foundation of the action, five years would bar. If the note be the foundation of the suit, the limitation of five years would not apply, unless such a note should be deemed, like a bill of exchange, a simple contract, and, in that event, five.years might bar a suit upon it.
As the assignment to the Bank is (according to authority,) prima facie evidence that the note was discounted, and was thereby placed, as to negotiability and the rights of endorsers and holders, on the footing of a bill of exchange, if, as averred, the plaintiff, as endorser, paid and took np the note, in consequence of the defendant’s defalcation, he had a right, according to the lex mercatoria, to erase, or consider as erased, the assignment to the Bank, and might, as holder and payee, maintain a suit in his own name on the note. Looking, therefore, to the allegations of the first count, we are disposed to consider that coupt as founded on the note. *335 and not on an implied liability, as the defendant seemed to suppose.
A bill of ex. is a simple contract, and tho liabilities upon it may be barred in 5 years.
The act of 1812 (§8)plaeingun-sealed writings on the same footing as those that are sealed, does apply to notes that have been placed on the same footing with bills of exchange — consequently (as to the drawers,) they are not within the statute of limitations.
But, nevertheless, if, as the plaintiff’s counsel has argued, the note be in all respects a bill of exchange, the second plea would be good as a bar to the first count; because a bill of exchange is a simple contract,-and the liabilities resulting from it may be barred by the lapse of five years.
Here an important and undecided question arises. Does the eighth section of an act of 1812, placing certain unsealed writings upon the footing of specialties, apply to such a note as that which we are now considering ? We feel compelled to decide that it does. The section referred to, is in these words : — “ All writings hereafter executed without a seal or seals, stipulating for the payment of money or property, or for the performance of any act or acts, duty or duties, shall be placed upon the same footing with sealed writings containing the like stipulations ; receiving the same consideration in all courts of justice, and, to all intents and purposes, having the same force and effect, and upon which the same species of action may be founded as if sealed.” This note directly and expressly stipulates for the payment of money, and we can perceive nothing in the language of the statute, its subject matter, its policy, or presumed object, which would authorize an interpretation so restricted as to exclude such a writing from its operation.
But it does not follow as a necessary, or even a rational or consistent consequence, that such a note, thus negotiated, possesses none of the attributes of a bill of exchange which were imparted, by an act of 1806, to notes discounted by the Bank of Kentucky. That act, after establishing the Bank, and prescribing regulations for its government, provides that, “all notes or bills at any time discounted by the said corporation, shall be and they are hereby placed upon the same footing as foreign bills of exchange, so that the like remedy may be had for the recovery thereof, against the drawer or drawers, endorser or endorsers, and with the like effect, (except so far as relates to damages,) any law, custom or usage to the contrary notwithstanding.”
But bills of exchange and endorsements on notes are not within the act, and actions on them are subject to the bar by time.
A plea to the whole declaration, if insufficient as to any count, will not bo sustained.
When a judgment has been recovered ag’st a party to a bill of ex. or note, no other action can be maintained against the same party on the same bill or note. — If one under a subsequent liability (as endorser,) on such bill or note, pays it, gálnstttapárfy who had been °a as-sumpsit, or by- ^ a„d use°of the judgment.
*336 So much of the act of 1806, and so much only, as is inconsistent with that of 1812, must be deemed to have been repealed by the latter act. Except as to the dignity of the writing, the remedy upon it, and the effect of that remedy, a note, when discounted by the bank, possessed all the attributes of a bill of exchange which the act of 1806 provided that it should [lave. The only difference is, that, since 1812, it is a specialty; before, it was a simple contract. Now it is just such a writing as it would have been had a statute declared, that all bills of exchange should be deemed contracts under seal. Such an enactment would not have changed the rights or remedies as between endorsers and endorsees ; nor have affected the negotiable quality of such contracts. Nor does the act of 18Í2 affect the negotiability of a note discounted by the Bank, or change the rights or remedies of parties to it, except so far as the drawer is concerned. Bills of exchange are not embraced by the act of 1812, because they contain no direct stipulation for the payment of money;, nor, for the same reason, are endorsements upon a note negotiated in Bank within the operation of that statute. But the note itself is within the letter, and seems to be within the spirit and policy of the act. In a suit upon it, against the drawer or ob-ligor, it must have, in all respects, the effect of a writing under seal; and, consequently, such a suit would not be barred by the limitation of five years ; and, of course, the second plea did not meet the first count ; and, therefore, as it purported to be a plea to the whole declaration, the court erred in overruling the demurrer to it.
The fifth plea must, also, be deemed a plea of the statute of limitations ; and consequently, in that respect, as the first count is on the note, the plea was not good. But it contains matter which, if sufficiently pleaded, should defeat the action on the note. It avers that, pri- or to the institution of this suit, and to the payment by the plaintiff, the Bank, as the last endorsee, had obtained a judgment against the defendant, in a suit which it had brought on the note. If that averment be true; another suit on the same note could not be maintained by the payee, or endorsee, against the obligor. Whether the *337 note be considered a bill of exchange, or only an ordinary specialty, all the legal liability which it imposed on the drawer or obligor, to the payee or obligee, was transferred to the Bank by the endorsment, and was merged in the judgment which was obtained by the Bank. The payment of that judgment, and even a reassignment of the note to the plaintiff, could not have reinvested him with his preexistent right to sue on the note; but, at the utmost, could only have entitled him to a suit on the implied liability resulting from the payment, or to the benefit of the judgment upon the principle of subrogation, A party cannot be sued twice, availably, on the same liability resulting from the same contract. See Lenox vs. Prout, 3 Wheaton’s Reports, 520. Schwing’s liability on the note (to the payee) was extinguished by the judgment. Transit in rem judicatura.
A plea (of lini-shows’that hthe plaintiff’s ac-ceived, and that (th°! the pres-not) the only appropriate action would be barred — is in-suffic¡ent
But the fact that the Bank had obtained such a judgment as that alleged, would shew only that the suit could not be maintained in the plaintiff’s name, nor upon the note. It does not tend to shew that the suit, as brought, on the note, had been barred. If the plea had relied on the judgment as a bar to the action, instead of relying on it as inducement to. the statute of limitations, it might , , , „ , _ . ° have been good and effectual. But a plea oí the statute of limitations cannot be sustained upon the ground that it avers special matter which shews that the action has been misconceived, and that, if it had been brought on the assumpsit implied from the payment of the j udgment it would have been barred by the limitation of five years. As a plea of limitation, (and in that character it must be considered,) the fifth plea is not good, and therefore, though it contains matter which, if properly pleaded, might defeat the action, nevertheless, as the demurrer admitted only what was well pleaded, it was erroneously overruled ; and the judgment thereupon rendered cannot be sustained.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions to sustain the demurrers to the second and fifth pleas.