JUDGE HARDIN
delivered the opinion oe the court.
A bill of exchange for eight hundred dollars, dated July 15, 1861, drawn by C. C. Bowman upon and accepted by N. Bowman, payable one hundred and eighteen days thereafter to the order of W. W. Bowman, and indorsed by him and M. H. Wright, was discounted and sold to the Bank of Kentucky, and at its maturity protested for non-payment. Afterward, in an action which was instituted by the bank on July 14, 1866, it recovered a judgment against Wright for the debt, which, amounting to $1,097.23, he was compelled by execution to pay on January 7,1867. On August 4, 1869, Wright brought this action against N. Bowman to recover the amount so paid.
The defendant answered the petition, alleging, first, that the cause of action against him on the bill accrued more than five years next before the commencement of the action, and it was therefore barred by limitation; and second, that he accepted the bill solely for the accommodation of C. C. Bowman, the drawer, who alone was benefited by it; and, notwithstanding the attitude of the parties on the bill, both he and the plaintiff were in fact only sureties of C. C. Bowman in the debt, and intended to become jointly so bound when the bill was accepted by one of them and indorsed by the other; and that the plaintiff was, upon various considerations, indebted to C. C. Bowman in an amount more than sufficient to pay the debt at its maturity, and having withheld it, was still so indebted to said Bowman’s estate, who had died insolvent, and he was *377 therefore equitably entitled to have said indebtedness of the plaintiff ascertained and applied as a set-off against the claim preferred against him in this action; and to that end he made his answer a cross-petition against the plaintiff and the administratrix of C. C. Bowman, deceased.
To both of these alleged grounds of defense a demurrer was sustained; and the defendant not answering further, a judgment was rendered against him for the sum claimed in the petition, and he seeks a reversal of that judgment by this appeal.
As it appears from the petition that the action was commenced more than five years after the right of action on the bill of exchange accrued to the party holding it, but within less than five years both from the date of the judgment in favor of the bank and the payment of the debt by the plaintiff, the correctness of the decision of the court on the demurrer to the first ground of defense presented depends on the question whether with respect to the operation of the statute of limitations (2 Revised Statutes, 127) the plaintiff occupied the position of the original holder of the bill, whose right of action would have been barred by the lapse of five years from the time it accrued. It is true, as contended for the appellant, the appellee might after the dishonor of the bill have paid it as indorser, and become entitled as against the drawer to the right which the holder himself had and might have asserted, if the relative rights and responsibilities of the parties depended on their positions on the bill (Story on Bills, section 422); but whatever might have been the effect of the statute of limitations on the rights of the appellee in this case, if he merely sought, in the position of the holder of the bill, to recover on the original cause of action, as supposed in the argument for the appellant, he had a right, after being compelled to pay the debt as indorser of the bill, to maintain an action on the implied liability resulting from the payment *378 against any party who was bound before him, or liable to contribute to the payment of the debt; and as such a right of action could only accrue upon the payment of the debt, it is 1 obvious that the statutory bar would not be complete till the expiration of five years from the payment. (Clark v. Schwing, 1 Dana, 333.) The petition in this case, though it exhibits the original bill as well as the record of the suit of the bank, and is not perhaps as explicit as it might be, sufficiently presents the cause of action as founded on the payment of the debt. The court therefore correctly decided on the demurrer that the action was not barred by limitation.
But if it was true, as stated in. the last paragraph of the answer and cross-petition, that as between the plaintiff and defendant they were in fact co-sureties of C. C. Bowman, who was the principal debtor, and that the plaintiff was indebted to the estate of Bowman, which was insolvent, the appellant was entitled in equity to be relieved from his liability by setting off the cross-demands of the plaintiff and Bowman’s representative, upon a well-settled principle of equity. And this right of set-off was not affected by the necessity for marshaling the assets of Bowman’s estate among its creditors; for as between the plaintiff and Bowman’s administratrix the right of set-off would have operated to extinguish his claim. It results that the court erred in sustaining the demurrer to the last paragraph of the answer.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.