## M. T. MITCHELL'S ADM'R v. JOHN DUNEVANT.

**Partnership—Proof of Partnership.**

Where a partnership has been established by the evidence, and the fact that the intestate partner had sold the firm property and received the money for it being established by the pleadings, such living partner was entitled to a judgment in his favor unless his right was cut off by the plea of the statute of limitations.

**Statute of Limitations—Pleading.**

To be good a plea of the statute of limitations must contain a statement of the facts relied upon in order to enable the court to say whether it constitutes a defense, as well as to enable the adverse party to know how to prepare to meet it.

### APPEAL FROM HENRY CIRCUIT COURT.

February 21, 1877.

OPINION BY JUDGE COFER:

The appellant denied the alleged partnership between his intestate and the appellee, but did not deny that he had sold the whisky and other property alleged to have belonged to the firm, or that he received for it the prices charged. Nor did he allege that if a partnership had existed it had been settled, or that the appellee was indebted to the firm, or had received his share, or any part of his share, of the assets.

Counsel admit that a partnership in distilling in the year 1866 was proved. That fact being established, and the allegations as to the articles, amount and value of the property of the firm sold by the intestate not being denied, and there being no plea of settlement or of payment, the evidence offered to prove that appellee was poor; that the intestate made an assignment, and that the appellee knew the fact and failed to demand payment, cannot avail. Had settlement or payment been pleaded, the evidence, when considered in connection with the great delay in asserting the demand, might have created some doubt whether anything is really due, but as the pleadings stand it cannot be considered.

The partnership having been established by the evidence, and the fact that the intestate had sold the property of the firm and received the money for it being established by the pleadings, the appellee was entitled to the judgment rendered in his favor, unless his right was cut off by the plea of the statute of limitations.

The answer contains this clause: "He says that said Mitchell did distill whiskey in the year 1866, but that the plaintiff had no partner-

ship with the said Mitchell in that year in said business, and he pleads and relies on the statute of limitations against any matters set up in plaintiff's petition and account, whereby he seeks to charge said Mitchell's estate with any indebtedness to him, plaintiff, and he says that the account of plaintiff is post dated intentionally."

A plea of the statute of limitations, like every other defense, to be good, must contain a statement of the facts relied upon in order to enable the court to say whether it constitutes a defense, as well as to enable the adverse party to know how to prepare to meet it. It should state the period of time relied upon, and show that that time had elasped between the period when the statute began to run and that when it was arrested by the suit in which the plea is filed. To say the defendant pleads and relies on the statute of limitations, and no more, is as insufficient as to say he pleads and relies on payment, without avering that he has paid the debt sued for, or that he pleads and relies on infancy without averring the fact of infancy.

We perceive no error in the judgment and it must be *affirmed.*

*Webb & Masterson, for appellant.*

*Bullock & Beckham, Caldwell & Harwood, for appellee.*