### WM. A. ALLEN *v.* JAS. T. GILLILAND.

[Abstract Kentucky Law Reporter, Vol. 5—320.]

**What is Necessary to Set Aside a Conveyance on Account of Fraud.**
> Two things are necessary to set aside a conveyance of real estate on account of fraud: First, fraudulent intention of the vendor, and second, knowledge of that intention on the part of the vendee; and in neither case will it be lightly inferred that fraud was intended or that the vendee had knowledge of such intention.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

October 16, 1883.

OPINION BY JUDGE HINES:

This is an action upon return of "no property" for the purpose of setting aside a conveyance alleged to have been made for the fraudulent purpose of cheating, hindering and delaying creditors. The court below dismissed the petition. The material and outline facts are these: Joseph A. Gilliland, the debtor and vendor, James T. Gilliland, vendee, their widowed mother, and three sisters resided upon and cultivated a tract of land descended from their father. Joseph A. Gilliland, being the older of the sons, managed the farm until 1875, when he sold his one-fifth interest in the land, farming utensils and stock to appellee, James T. Gilliland, for the sum of $1,500, which is shown by the evidence to have been a full and fair consideration. At the time of this sale Joseph A. Gilliland, James T. Gilliland, and their brother-in-law, Brodie, were each indebted in the sum of about $900 on account of several ventures in boating and trading on the river, in addition to which Joseph A. Gilliland was surety to the appellant to the amount of about $650; and about the same time there is evidence to indicate that Joseph A. Gilliland

was threatened with a prosecution for bastardy. Joseph A. Gilliland was a widower without children, his wife having died in 1872. In addition to these facts relied upon by appellant to establish a fraudulent intent on the part of Joseph A. Gilliland is a statement made by him that he sold his land to pay his just debts, and a further statement made by him, when suggested by a witness that the trade would not stand, that he couldn't see why since he had the purchase-price of the land in his pocket.

Let it be conceded that the evidence is sufficient to establish a fraudulent intent on the part of Joseph A. Gilliland; the question remains, Does the record show that appellee, James T. Gilliland, had knowledge of that fraudulent intention? We think not. Under the statute two things are essential to set aside a conveyance on account of fraud: First, fraudulent intention on the part of the vendor; second, knowledge of that intention on the part of the vendee; and in neither case is it to be lightly inferred that fraud was intended or that there was knowledge of that intention. It is true that both, from the very necessity, are of the nature of fraud, and must ordinarily be established by circumstantial evidence, but that evidence ought to be potent to overcome the presumption of fair dealing. *Ferguson* v. *May,* 12 Ky. Opin. 151, 3 Ky. L. 989. In this case the evidence is conclusive that appellee paid a full consideration for the land, stock and farming utensils; that he knew of Joseph A. Gilliland's liability for $900 and his contingent liability for $650 more, and he was afterwards informed by Joseph A. Gilliland that he had discharged the $900 indebtedness. But, says appellant, this evidence was not competent. Most assuredly it was because not excepted to. There appears to be nothing in the record of such a nature as to put appellee upon inquiry as to what disposition Joseph A. Gilliland intended to make of the purchase-price for the land paid by appellee. We give some weight to the fact that the chancellor below must be presumed to have known the parties to this transaction and the circumstances surrounding better than we can gather them from the record.

Judgment *affirmed.*

*Lewis & Fairleigh, Kinchelve & Eskridge, for appellant.*

*W. P. D. Bush, for appellee.*