## Coleman v. Coleman's Executor.

(Decided September 28, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Bills and Notes—Limitation of Actions—When Five Year Statute Applicable.—The five year statute of limitations applies only to bills and notes placed on the footing of a bill of exchange.

2. Bills and Notes—How Placed On Footing of Bill of Exchange.— The only way that a note may be placed on the footing of a bill of exchange is by its negotiation in good faith for value and before maturity.

3. Bills and Notes—Negotiations—Sufficiency of Answer Pleading Negotiation.—An answer merely alleging that a note had been transferred, assigned and delivered to another was not a sufficient plea of negotiation, since these facts may have been true, and yet the note may not have been assigned for value, or assigned until after its maturity.

4. Bills and Notes—Evidence—Parol Evidence Contradicting Written Instrument.—Since a note may be endorsed to another for the purpose of collection, such endorsement is not conclusive evidence of title in the endorsee, and parol evidence by the endorsee that the note was a part of the assets of his father's estate, and that he was not the owner thereof, is not inadmissible on the ground that it contradicts and is inconsistent with the endorsement.

5. Appeal and Error—Evidence—Transactions With Decedent—When Evidence Not Prejudicial.—In an action by an executor to recover on a note, which had been endorsed to him individually, the admission of evidence by the executor of what deceased payee said and did, though inadmissible on the ground that the executor was personally interested in the estate, was not prejudicial where

it bore on the question of the executor's right to sue, and the executor, by disclaiming the ownership of the note, had estopped himself from suing on the note in his individual capacity.

6. Appeal and Error—When Judgment for More Than Was Asked In the Petition Was Erroneous.—Plaintiff sued on a note admitting certain credits, and asked judgment for the amount of the note and interest less credits. A demurrer was sustained to the defendant's answer and cross-petition pleading that the credits were unauthorized: Held, that as the petition controlled and plaintiff was not entitled to judgment for more than he asked, the judgment for the full amount of the note was erroneous.

W. T. McNALLY and LAWRENCE J. MACKEY for appellant.

SAMUEL S. BLITZ for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On July 12, 1909, D. B. Coleman executed and delivered to his father, John Coleman, his promissory note for $700.00, payable six months after date, with interest at the rate of five per cent per annum. In addition to two credits, one for $100.00 as of October 30, 1914, and the other for $95.02 as of December 27, 1917, the note bears the following endorsement, ''Pay to the order of E. J. Coleman'' (Sd.) ''John Coleman.''

Alleging that the note came into his hands as part of the assets of his father, John Coleman, E. J. Coleman, as executor of his father's estate, brought this suit to recover on the note. A special demurrer was sustained to the petition on the ground that the endorsement showed that E. J. Coleman individually was the holder of the note, and not E. J. Coleman as executor, and that E. J. Coleman as executor had no right to sue. Thereupon, plaintiff filed an amended petition, pleading in substance that the endorsement was made by John Coleman in order to assign the note to E. J. Coleman for the purpose of collecting the same, that the undertaking was not completed, and said note was never transferred, assigned or delivered to E. J. Coleman, and that E. J. Coleman never became the assignee or holder of the note, and never received or held any interest therein. Defendant filed an answer and cross-petition in several paragraphs. The first paragraph was a denial of the allegations of the petition and petition as amended. In paragraph two, it was pleaded that the note was without consideration, that the credits on the note were unauthorized, that the note was assigned, transferred and de-

livered to E. J. Coleman, and that the cause of action did not accrue within five years before its commencement. In paragraph three, defendant asked for an accounting. On motion of plaintiff, defendant was required to paragraph the second paragraph of his answer, and a demurrer was sustained to the third paragraph. Thereupon, an amended answer was filed. Paragraph two presented the defense of no consideration. Paragraph three presented the defense that the credits on the note were not authorized or approved by the defendant. Paragraph four presented the defense that the note was transferred, assigned and delivered to E. J. Coleman individually, thereby intending to make Coleman a holder and owner thereof. By paragraph five, the five year statute of limitations was pleaded. Subsequently, the plea of no consideration contained in paragraph two was withdrawn, and a demurrer was sustained to paragraphs three, four and five.

A jury trial was had, and the only witness was E. J. Coleman, who testified that he was the son of John Coleman and a brother of the defendant; that the endorsement on the note, "Pay to the order of E. J. Coleman," was in his handwriting and that the signature, "John Coleman," was in the handwriting of his father; that the note came to him as executor of the will of John Coleman; that he had no personal interest in the note, but only the interest of an heir of his father; that he did not own the note and did not acquire ownership by the endorsement; that the note belonged to the estate of John Coleman. He then testified over the objection of the defendant that his father gave him the note with other papers; that he gave it to him just as he did all the other papers to hold for him; that it was not transferred to him personally. After hearing this evidence, the trial court directed the jury to return a verdict in favor of plaintiff. Judgment was entered accordingly and defendant appeals.

There was no error in sustaining the demurrer to the plea of the five year statute of limitations. The five year statute applies only to bills and notes placed on the footing of a bill of exchange. Section 2515, Kentucky Statutes. The only way that a note may be placed on the footing of a bill of exchange is by its negotiation in good faith for value and before maturity. Southern National Bank v. Schimpeler, 160 Ky. 813, 170 S. W. 178. The answer did not allege that the note in question had been so negotiated. It merely alleged that it had been trans-

ferred, assigned and delivered to E. J. Coleman individually. All this may have been true, and yet the note may not have been assigned for value, or assigned for many years after its maturity.

The endorsement, "Pay to the order of E. J. Coleman," is not conclusive evidence of title in E. J. Coleman, as the endorsement may have been made for the purpose of collection. Hence, E. J. Coleman's parol testimony that the note was a part of the assets of his father's estate, and that he was not the owner thereof was not inadmissible on the ground that it was contradictory of, or inconsistent with, the endorsement. While it may be true that his testimony, so far as it concerned what his deceased father said and did, was not admissible because he was interested in the estate and was testifying for himself, yet we do not regard such evidence as prejudicial under the facts of this case. Had it been alleged and shown that the note had been properly negotiated to E. J. Coleman for value and before maturity, then such testimony might have been prejudicial as tending to defeat the plea of the five year statute of limitations, but with that feature of the case eliminated, there was no other defense to the action. The evidence complained of bore only on the question of plaintiff's right to sue. When E. J. Coleman disclaimed ownership and asserted ownership in the estate, he necessarily estopped himself from thereafter claiming the note as his individual property, or from bringing suit thereon in his individual capacity. That being true, the judgment in his favor as executor necessarily ended the matter. Since defendant owes the note, and its payment to the executor will acquit him of all liability thereon, it necessarily follows that the admission of the evidence complained of was not prejudicial to his substantial rights.

The petition alleged that the defendant, D. B. Coleman, as one of the devisees under the will of his father, became entitled to the sum of $100.00 as of October 30, 1914, and the further sum of $95.02 as of December 27, 1917, as his share of his father's estate, and that these sums were, by order of the Jefferson county court, applied as credits on the note as of said dates. Plaintiff prayed for judgment for the full amount of the note, subject to the foregoing credits. In his answer and cross-petition defendant pleaded that the credits were not authorized or approved by him, but a demurrer was sustained to that paragraph of the answer. In directing a verdict for plaintiff the court told the jury not to consider

the credits. Since a demurrer was sustained to that part of the answer and cross-petition stating that the credits were unauthorized, there was left only the petition which set up the credits and asked for judgment less the credits. Under these circumstances, the petition controlled and the plaintiff was not entitled to judgment for more than he asked. It follows that the judgment for the full amount of the note was erroneous.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.