## A. D. Sisk's Admr. v. W. H. Sisk's Admr.

### (Decided November 1, 1921.)

### Appeal from Hopkins Circuit Court.

1.  Bills and Notes—Action Upon Lost Note—Non Est Factum.—On the trial of an action upon a lost note brought by the payee's administrator against the payor's administrator and to which the answer of the latter interposed the plea of non est factum, it was competent for each of two heirs at law and distributees of the estate of the deceased payee to merely testify that he saw the note in question in the safe of the latter three or four years before the trial.   Such evidence did not come within the inhibitions of sec. 606, subsec. 7, Civil Code, as it involved "no verbal statement of any transaction with, or any act done, or omitted to be done" by either decedent.

2.  Bills and Notes—Limitation of Actions—Action Upon Lost Note. —Evidence upon which the trial court in this action adjudged the plaintiff administrator entitled to recover of the defendant administrator the amount of the lost note in question, and, also, that of a second note to which was pleaded the statute of limitations, examined, and held sufficient, as a whole, to support the judgment.

3.  Appeal and Error—Finding of Chancellor.—Where, on the trial of an action at law, a jury is waived by the parties and the issues of law and fact are tried and determined by the court, the latter's findings of fact will, on appeal, be given by the Court of Appeals

the same weight and effect which are required to be given the verdict of a properly instructed jury.

LETCHER R. FOX and H. F. BAILEY for appellant.

YOST & FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

W. H. Sisk and A. D. Sisk, father and son, died intestate, the former in February, the latter in May, 1917, each being at the time of his death domiciled in Hopkins county, this state. By a proper order of the Hopkins county court the appellee, W. P. Sisk, was appointed and duly qualified as administrator of the estate of W. H. Sisk, deceased, and by a like order of the same court the appellant, W. A. Sisk, was appointed administrator of the estate of A. D. Sisk, deceased. Shortly after the appointment and qualification of the latter this action was brought in the court below against him as such administrator by the administrator of the estate of W. H. Sisk seeking the recovery of four several items of indebtedness claimed to be owing the estate of W. H. Sisk by that of A. D. Sisk, each being set forth by proper averments in a separate paragraph of the petition.

The first item of such indebtedness was a note of $2,500.00, with accrued interest, executed by A. D. Sisk to W. H. Sisk, as alleged, April 28, 1904, to evidence a debt he owed him of that amount. The second item, a note of $500.00, date not stated, also executed, as alleged, by A. D. Sisk to W. H. Sisk, to evidence another debt or debts he owed the latter equaling that sum. The third item, a note of $310.00, with accrued interest, of date of May 20, 1897, and payable October 20, 1897, executed, as alleged, by A. D. Sisk as principal and W. H. Sisk as his surety to one H. D. Boyle, and which, as further alleged, W. H. Sisk in 1909 paid to Boyle, the payee, who thereupon assigned and delivered him the note. The fourth and final item of indebtedness sued for, amounting to $371.68, with interest from August 20, 1910, grew, as alleged, out of W. H. Sisk's suretyship upon the bond of A. D. Sisk as statutory guardian of Myrtle Tucker Johnson, and his payment as such surety to the latter August 20, 1910, of the above amount after her arrival at twenty-one years of age, which was the balance due her from A. D. Sisk, guardian, as shown by the final settlement of his accounts made with and approved by the Hopkins county court, such payment, as further al-

leged, having been made at the special instance and request of A. D. Sisk, and upon his express promise to repay him the full amount thereof with interest.

The petition alleged the maturity of the several demands sued on, the promise of the obligor to pay them and their non-payment, except that there should be credited on them as a whole, $2,189.18, paid W. H. Sisk by A. D. Sisk, February 15, 1909.

The petition also alleged the loss, without fraud or negligence on the part of W. H. Sisk or his administrator, of the notes of $2,500.00 and $500.00, described in the petition, and with the petition was filed a bond, in and by which the appellee as administrator of W. H. Sisk, and sureties therein, agreed and undertook to indemnify the appellant as administrator of A. D. Sisk against any loss he or the estate of the latter might sustain by reason of his paying the two notes last named.

The answer of the latter, after formally traversing all the averments of the petition, pleaded *non est factum* as to the notes of $2,500.00 and $500.00, respectively, and the statute of limitations as to the note of $2,500.00, and each of the other demands sued for except the note of $500.00. After filing his answer the appellant, by an order entered of record, withdrew his plea of the statute of limitations to the note of $2,500.00, described in paragraph one of the petition; hence the plea of *non est factum* was the only defense interposed by the answer to a recovery thereon.

The appellee by reply controverted the material allegations of the answer, and, in addition, set up with greater particularity than had been done by the petition the assignment by H. D. Boyle to W. H. Sisk of the $310.00 note sued on and the former's right of action thereon; and in addition admitted the payment on the notes of $2,500.00 and $310.00 of certain named sums, which were, as alleged, credited thereon as of the several dates specified in the reply.

After the filing by appellant of a rejoinder traversing all affirmative matter of the reply except its averments as to the assignment of the $310.00 note by Boyle to W. H. Sisk, which was not denied, the parties by agreement waived a trial by jury and submitted the case upon the law and facts to the court, which, after hearing the evidence, by its separate conclusion of law and fact, held that appellee, as administrator of the estate of W. H. Sisk, deceased, was entitled to recover of the appellant

as administrator of the estate of A. D. Sisk, deceased, the amount of the note of $2,500.00, described in paragraph one of the petition, with interest from February 15, 1909, subject to a credit of $2,189.18 paid as of that date; and also the amount of the note of $310.00, set up in paragraph three of the petition, with interest from October 20, 1897, credited by the interest paid to that date; also $20.00 paid June 20, 1908, and $23.07 paid January 29, 1909. The court further held, however, that appellee had failed to prove the execution by appellant's decedent of the note of $500.00, set up in paragraph two of the petition, and that he was not entitled to recover of the latter any part of that amount; and that though appellee had proved the payment August 10, 1910, by W. H. Sisk, deceased, to Myrtle Tucker Johnson, as surety on the bond of her guardian, A. D. Sisk, of the $371.68 due her by the latter, as set up in paragraph four of the petition, appellee, as administrator of W. H. Sisk, was not entitled to recover this amount of appellant as administrator of A. D. Sisk, because his action therefor was brought more than five years after the payment by his decedent of the same to Myrtle Tucker Johnson, and was therefore barred by the statute of limitations.

Appellant filed a motion and grounds for a new trial, which the circuit court overruled, complaining of which and of the judgment entered against him in accordance with the court's conclusions of law and fact he has appealed.

A review of so much of the judgment of the trial court as refused appellee a recovery upon the note of $500.00 and item of $371.00, paid by his decedent as surety for appellant's decedent to Myrtle Tucker Johnson, will not be necessary, as the appellee has not prayed a cross appeal from that part of the judgment. So the only questions presented for decision by the appeal we have are, whether the judgment awarding appellee the recovery upon the $2,500.00 and $310.00 notes was authorized by the law and evidence.

First, taking up consideration of the evidence regarding the note of $2,500.00, it is to be remarked that as its loss prevented its introduction on the trial as evidence, neither its contents nor signature could be identified as being the handwriting of A. D. Sisk by witnesses familiar with same, or through a comparison of it by experts with other and admitted writings of his, so secondary evidence had to be relied on to prove its execution and non-

payment. This was attempted to be furnished in part by the testimony of the appellee, W. P. Sisk, and his brother, Ben Sisk, and one Tom Bell, a former bank president, and in part by a writing executed by A. D. Sisk to W. H. Sisk alleged to contain his recognition of the existence of the note and an arrangement for its payment in part by him. The Sisks testified that three or four years before the trial they saw in the safe of their father, W. H. Sisk, the note of $2,500.00, with other papers belonging to him, and observed that it bore date April 28, 1904, contained the name of A. D. Sisk as obligor and was made payable to W. H. Sisk, but neither witness stated that he noticed the date of its maturity.. Though asked by counsel to state whether they were acquainted with the handwriting of A. D. Sisk and whether the note or signature was in his handwriting, neither witness was allowed by the court to answer these questions.

The witness Bell testified that he was president of the Morton Bank of Madisonville, at the time of the trial of this case in process of liquidation, and that on April 28, 1904, W. H. Sisk issued a check on his account as a depositor in the Morton Bank for $2,500.00, payable to A. D. Sisk, upon which the latter obtained the money. This testimony was verified by an original entry or entries appearing on the bank's individual ledger, of which the witness was the custodian and in which was kept the accounts of its numerous depositors, and this book with the entries in question was introduced in evidence.

The writing introduced in evidence by the appellee as further proof of the execution and existence of the $2,500.00 note appears from the record to have been executed by A. D. Sisk under the following circumstances: In 1909 A. D. Sisk, who had for several years conducted a book store in Madisonville, became financially involved to such an extent that he was unable to meet his debts, at which juncture his father, W. H. Sisk, went to his relief by taking over his store and stock of merchandise and assuming to pay certain of his obligations. The agreement by which this arrangement was effected was reduced to writing, duly signed by the father and son and attested by A. O. Sisk, R. D. Sisk and Ben Sisk as witnesses. Owing to its length the writing referred to is not copied in the opinion. It, however, describes the stock of merchandise and other property transferred by A. D. Sisk to W. H. Sisk, fixes the agreed value of the whole at $11,550.00, specifically enumerates the debts

assumed and to be paid by W. H. Sisk, amounting in the aggregate to $9,360.80, and finally provides: "The balance above indebtedness is to be credited on notes held by W. H. Sisk against A. D. Sisk." The three Sisks who attested this writing as witnesses, being sons and distributees of W. H. Sisk and thereby disqualified to testify as to the handwriting of their brother, A. D. Sisk, were not permitted to prove his signature to the writing, but it was positively identified by the witness, C. E. Owen, who testified that he was well acquainted with the handwriting of A. D. Sisk and had no doubt of his having written his name as it appears to the writing.

It will be observed that the provision of the written agreement quoted above acknowledged the indebtedness of A. D. Sisk to W. H. Sisk upon "notes" which the latter held against him; therefore, he owed him more than one note. Although after paying the debts of A. D. Sisk provided for by the written agreement, there was left in the hands of W. H. Sisk of the assets of A. D. Sisk $2,189.20, as stated in the agreement, it is evident from the language of the provision respecting the application of this balance on the notes owing by A. D. Sisk to W. H. Sisk, that the former realized such balance would not be sufficient to pay all the notes held against him by the latter, hence the provision directs that such balance "be credited" on the notes held against him by W. H. Sisk. It is true the notes held against him by W. H. Sisk are not set forth in the agreement, but it is manifest that the smaller notes or demands sued on by appellee, and two of which were rejected by the judgment appealed from, would altogether have consumed but a small part of the $2,189.20 remaining in W. H. Sisk's hands after paying the liabilities of A. D. Sisk assumed by him. The foregoing facts and circumstances seem to indicate the existence of an indebtedness from A. D. Sisk to W. H. Sisk greater even than a note of $2,500.00, and as such indebtedness was evidenced by notes they give support to the testimony of appellee's witnesses as to the execution and nonpayment of the $2,500.00 note. We are not prepared to say that the evidence, as a whole, is not sufficient to overcome the appellant's plea of *non est factum,* in support of which he offered no proof whatever; and if such is the proper effect of the evidence the trial court's findings of fact and judgment regarding the $2,500.00 note should not be disturbed. It is, however, contended by appellant that as W. P. and Ben Sisk are heirs at law of

W. H. Sisk and distributees of his estate they were disqualified (sec. 606, subsec. 7, Civil Code) to testify as witnesses in their own behalf, hence their testimony that they saw the $2,500.00 note in their father's safe should have been excluded. We regard the contention untenable. The provisions of the Code, *supra,* do make a party having such interest incompetent to testify for himself concerning any verbal statement of, transaction with, or any act done or omitted to be done by the deceased, but they do not prevent his testifying to any other facts known to him. Markham's Admr., et al. v. Markham, 154 Ky. 401; Newberry's Admrx., et al. v. Rhinehart, 159 Ky. 513; Hunt v. March, 12 R. 240; Evans' Exr. v. Stone, etc., 19 R. 1697.

In Evans' Exr. v. Stone, etc., *supra,* a case quite similar to the one at bar, the principal question involved was as to the genuineness of a deed or title bond, regarding which a party opposed in interest to the appellant's decedent was permitted by the trial court to testify that he had seen the paper in question in the office of the decedent. On appeal it was held that the evidence was competent. It is, therefore, patent that the testimony of the Sisks does not come within the inhibitions of the Code, as it involved "no verbal statement of or any transaction with, or any act done, or omitted to be done" by the decedent. The trial court very properly adjudged that the $2,500.00 note should be credited by $2,189.20, the amount left in the hands of W. H. Sisk after providing for the payment of A. D. Sisk's debts as directed by the writing between them, for such application of the balance was also directed by the writing.

Obviously the trial court did not err in adjudging appellee a recovery upon the $310.00 note executed by A. D. Sisk to Boyle and upon which W. H. Sisk was surety. This note was introduced in evidence and the assignment upon it from Boyle to W. H. Sisk shows it was paid by the latter. By the assignment he was subrogated to all rights as owner of the note that had been possessed by Boyle. The only defense interposed to this note by the answer was a plea of the statute of limitations, and as at least one payment was made by A. D. Sisk upon the note after its assignment to W. H. Sisk and this was within fifteen years after its maturity, such payment had the legal effect to postpone fifteen years from its date the bar provided by the statute.

Giving the conclusions of fact arrived at by the trial court the same weight that should be accorded the verdict of a properly instructed jury, we find no cause for disturbing the judgment, and it is, therefore, affirmed.

Whole court sitting.