## Thomas v. Siddens.

(Decided Dec. 6, 1935.)

614

LAURENCE B. FINN for appellant.

STOUT & HERDMAN and MILLIKEN & MILLIKEN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

On June 8, 1925, appellee executed a six months' promissory note for $3,075 to Thomas & Hinton Company in payment for some of its corporate stock. The note was pledged to the American National Bank as collateral. In January, 1926, the corporation was adjudged bankrupt, its assets sold by the trustee, and appellant became the purchaser of all the assets, including the note in question, which had not been paid at maturity.

Appellant, prior to 1928, filed a suit against appellee in the Barren circuit court, seeking recovery on this note. A trial was had, and a jury returned a verdict in favor of appellee. There followed an appeal to this court, and the judgment of the lower court was reversed because of faulty instructions. Thomas v. Siddens, 230 Ky. 651, 20 S. W. (2d) 482. The case was remanded for trial; this court indicating specifically the instructions to be given on another trial. Before trial appellant moved to dismiss his petition without prejudice, to which procedure appellee objected, but the court overruled his objection and dismissed the petition. Appeal was taken then by the present appellee, and this court held that the appellant had a right to dismiss his petition, the case not having been submitted to the jury before motion, holding that the counterclaim of appellee, being purely defensive, did not stand in the way of dismissal without prejudice. Siddens v. Thomas, 237 Ky. 362, 35 S. W. (2d) 537.

On June 10, 1931, appellant filed his petition in the Warren circuit court seeking relief as had been sought in the former suit. The note is filed with the petition, and it shows (without date) that the Potter-Matlack

Trust Company, trustee in the bankruptcy proceedings,. had transferred the note to appellant, "the purchaser of the bankrupt's assets," subject to all claims of the American National Bank, which held the note as collateral for obligations of the bankrupt, and also shows (without date) that the note was assigned by the American National Bank to appellant. Special demurrer was filed, but does not as far as the record discloses, appear to have been passed on by the court.

The appellee filed answer in which he admitted the execution of the note and its pledge to the bank as collateral; its purchase by appellant as part of the assets of the bankrupt corporation; but pleads (1) that the note was negotiated before maturity without notice of defects, hence was placed on the footing of a bill of exchange, and that thus the right of action accrued more than five years before the institution of the suit; (2) that there was lack of consideration for its execution; (3) fraudulent representations in the sale of the stock to purchaser, relied upon at the time of the purchase, and that knowledge of the alleged defects were brought to appellant prior to·his purchase of the note from the trustee in bankruptcy. This pleading was followed by demurrer to the answer, counterclaim, and set-off, by motion to require the appellee to elect which defenses he would rely upon, and without waiving demurrer and motion filed reply.

The reply is a denial of all the allegations of appellee's answer, and pleads facts tending to show that the 15 years' statute of limitations applied to the entire obligation on which recovery was sought. To this reply, demurrer and rejoinder were filed, which latter denied the allegations of appellant's reply. Thereafter, and in so far as the record discloses, without the court having passed on the various demurrers and motions to strike, a motion was made by appellant to transfer the case to the equity docket, and a motion by appellee to grant an issue out of chancery. This latter motion was overruled, but the first motion does not appear to have been passed upon; nevertheless, the cause was finally submitted to the court without the intervention of a jury, after it was agreed that all unanswered pleadings should stand controverted of record; the court adjudging that plaintiff's petition be, and it was, dismissed, and appeal was prayed and granted.

The court below rendered an opinion preceding the judgment which by order was made part of the record. In this opinion the court gives quite an extensive review of the proof, and reached the conclusion that the misrepresentations by the seller of the stock to appellee were such that the purchaser of the note should not be allowed to recover.

Viewed from this standpoint, this court really has only one question before it, and that is as to whether or not there is evidence to support the findings of the chancellor, and this question is argued and debated sharply and quite extensively in briefs. Much is said, pro and con, as to the character, reputation, standing in the community, business ability, or lack of business ability of the parties, and those testifying for and against the two contendors.

This court is in no position to consider the personal qualities of parties to a transaction, or of the witnesses, except in so far as they become matters of proof presented in the record. It is the province of the court to consider the record before us, and what is said in briefs of matters and things extrinsic of the record, while same may be and are impressive, being most zealously presented, must be brushed aside in consideration of the real issue.

It would do little good; it would avail nothing to go into a lengthy recounting of the evidence adduced by the respective parties with a view of undertaking a nice balance; furthermore, under the many times repeated rule of this court, it is unnecessary, in fact the rules to which we have reference are so thoroughly established that it would be an innovation if such was attempted. We are impressed with the testimony of appellant and his witnesses with relation to the proven conversation between appellant and the two contra witnesses prior to the purchase of the note in question and claimed to have been had soon after the bankruptcy proceedings, but we cannot decide this case on our impressions gained from this testimony, and after all it does not seem to be of a controlling importance. On the other hand, the lower court was, and this court is, impressed by the testimony of one member of the corporation, who, apparently disinterested, testified that he advised another member or other members to refrain from selling the stock to appellee.

It is rare that we have for consideration a case where the testimony is so markedly in conflict as the one presented here. A few facts or incidents are undisputed, but as to the main transactions there is a wide divergence, about as irreconcilable as could be presented in dealings between man and man. This being true, what is the rule we must follow? It is an old one, and has been adhered to almost sacredly since opinions have been written by this court and courts of other jurisdictions, and that rule is, if there is any evidence to support the chancellor's views, we cannot exercise a discretion which would lead to a contrary conclusion. As expressed in case after case, too numerous to cite here, we have held that the appellate court must give due weight to the chancellor's finding of facts, and where the evidence is conflicting, as it undoubtedly is here, we will not venture to disagree with him, even though the presentation of facts is such as would leave this court in doubt. Baxter v. Davis, 252 Ky. 525, 67 S. W. (2d) 678; Burgess v. Swetnam, 257 Ky. 64, 77 S. W. (2d) 385; Coffey v. Lair, 256 Ky. 741, 77 S. W. (2d) 4, and many other prior and subsequent decisions which might be cited. So it is, that on the finding of facts by the chancellor, as he viewed them, we are bound.

When we come to consider the cross-appeal, we encounter another well-established rule, known as the rule of the law of the case, which is that the court's conclusions expressed in a former opinion become the law of the case on a subsequent appeal, unless the issues in the latter are different. Pickrell v. Wilson, 217 Ky. 430, 289 S. W. 1100; Commonwealth Life Ins. Co. v. Goodnight's Adm'r, 235 Ky. 699, 32 S. W. (2d) 25; Royal Collieries Co. v. Wells, 244 Ky. 303, 50 S. W. (2d) 948; Carrithers v. Jean's Executor, 259 Ky. 20, 81 S. W. (2d) 857.

When the case was here on the former appeal, the court very definitely reached and expressed the opinion that appellant was a holder of the note in due course only to the extent of the amount due the American National Bank, which held the note as collateral; citing 3720b-58, Ky. Stats. Since bank was a holder in due course, the court held that when the note was assigned by the bank to appellant he received it as an innocent holder to the amount still owing on the Thomas & Hardy debt at that time. This being true, the 5-year limitation would apply to the amount then owing the bank. Ky. Stats. sec. 2515. As to the remainder of the note, sec-

618

tion 2514, Ky. Stats., applies. The court below, following the ruling of this court on former appeal as to the status of the note sued on, so held by sustaining the plea of limitation to so much of the note as was yet due the bank, but overruling the plea as to the balance of the note. In brief, appellee takes the position that since the 5-year limitation had begun to run on the note while in the hands of the bank, the bar is complete and no subsequent event will operate to suspend it; the argument being that since this note was once placed on the footing of a bill of exchange its assignment to appellant did not change the status of the note as to any part of it, and on this point presents some authority, mostly from other jurisdictions. The rule relied on by appellee does not appear to be applicable in this state. Sweeney v. Taylor's Ex'r, 205 Ky. 390, 266 S. W. 665; Redford v. Crowe's Adm'x, 225 Ky. 142, 7 S. W. (2d) 842; Coral Gables v. Barnes, 247 Ky. 292, 57 S. W. (2d) 18. We are of the opinion that the lower court's ruling was correct; hence the judgment must be and is affirmed, both on the original and cross-appeal.

Judgment affirmed on original and cross-appeal.