## Rader et al. v. Dean.

(Decided Nov. 4, 1938.)

A. T. W. MANNING for appellants.

L. C. LITTLE for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

On October 1, 1935, the appellee, John F. Dean, filed suit in the Jackson circuit court against appellants, John Rader and Lucien Rader, and also one Leonard Rader who is not a party to this appeal. He alleged that the appellants, together with Leonard Rader, issued their promissory note to appellee for $1,000 which had been lost, by which they agreed to pay appellee thereafter $1,000, and that the note was now due and unpaid.

On January 7, 1936, the appellants filed answer and counterclaim, by the first paragraph of which they denied the execution of any note of $1,000 to the appellee.

By the second paragraph they plead that more than seven years before the institution of this action, the appellants did sign a note for the sum of $1,900 as surety for Leonard Rader payable to appellee for the purpose of enabling appellee to negotiate said note in bank and that they were mere sureties for said Leonard Rader and accommodation makers for John F. Dean, and that they never have received any of the proceeds of said note and that in truth and fact they were only sureties for the appellee, J. F. Dean.

By the third paragraph they plead that more than seven years next before the institution of the action the appellee discounted said note in bank and that the bank, who was the holder and owner of said note, together with John F. Dean, agreed with the defendant, Leonard Rader, without the knowledge of the appellants, to extend the time of payment of said note and that by reason thereof these appellants were discharged from liability.

By the fourth paragraph they alleged that they signed the aforesaid note as set out in paragraph two, and not otherwise, and that more than seven years had elapsed between the signing of the note and the institu-

tion of this action and that therefore they were discharged by limitations.

The prayer of the answer and counterclaim was that the petition be dismissed and that the alleged note be canceled and the plaintiff barred from any further action against them by reason thereof.

A reply was duly filed, which denied the allegations of the answer and counterclaim and the case was by order of court set for trial. On the calling of the case for trial there was filed the affidavit of plaintiff's attorney for a continuance, which motion was not passed on, and upon motion of attorney for the plaintiff the action was dismissed without prejudice. The affidavit for a continuance, which appears in the record, assigns as a reason for a continuance that the plaintiff, John F. Dean, was not the holder of said note and that the suit had been filed in the name of John F. Dean through error upon the part of his attorney, L. C. Little, when in truth and in fact, the Berea Bank and Trust Company was the holder and owner of said note and should be plaintiff in the action and that on the calling of the case for trial plaintiff's attorney for the first time learned that Dean was not the holder of the note.

The appellants, defendants below, at the same time moved the court for judgment canceling the note on their counterclaim, but the court entered an order dismissing plaintiff's petition without prejudice to any future action and also dismissed the counterclaim of appellants and from this final judgment dismissing their counterclaim appellants prosecute this appeal.

It will be observed that as the record now stands, the appellee, might, or might not, be the holder of the note sued on. No pleading filed by him states that he is not the holder. The only thing appearing in this record which might indicate the contrary is the statement contained in the affidavit of appellee's attorney which was filed in order to secure a continuance. It is also true that paragraph three of the appellants' answer and counterclaim states that Dean discounted the note at a bank, but this is not inconsistent with the fact that Dean might have been at the time the judgment was rendered the holder of the note.

Section 372 of the Civil Code of Practice provides that a defendant is entitled to a trial of a counterclaim,

although the plaintiff dismiss his action or fail to appear.

If the answer and counterclaim stated a valid counterclaim against the plaintiff, then defendants were entitled to a trial of the counterclaim when the original action was dismissed, so the only question before us is whether or not a valid counterclaim was stated.

In the case of Sparr v. Fulton National Bank, 179 Ky. 755, 201 S. W. 310, the court held that in an action on a note by an endorsee, where a fraud was pleaded and a cancellation sought, such a plea was a counterclaim and the defendant was entitled to a trial of the same, notwithstanding a dismissal of the petition without prejudice. The court said [page 312]:

"Here there was no failure to plead the facts constituting the counter-claim before the dismissal of appellee's action. They were pleaded at the beginning and in connection with the matters of mere avoidance alleged in the answer, and judgment asked for the cancellation of the notes before and when appellee's action was dismissed, which upon the evidence in the record entitled appellant to the judgment prayed. If the cancellation of the notes were not allowed, appellant might yet be subjected to another suit upon them in the hands of a different holder, and thereby be put to the trouble and expense of again making the same defense to them that was made in this case."

We cannot agree with appellants' contention that the plea of the Statute of Limitations, contained in paragraph four, constituted a valid ground of counterclaim. The plea of the Statute of Limitations is a shield and not a sword, and the prevailing rule seems to be that it is not ground for the cancellation of an instrument that is barred by the Statute of Limitations. 9 C. J. 1194. It is purely and simply a matter of defense not affecting the validity of the note in any way.

We have also reached the same conclusion with reference to the third paragraph of the answer and counterclaim, namely, that this paragraph does not state a cause of action as a counterclaim. This paragraph sets up as a defense that the note is discharged by the holder thereof extending time of payment with-

out the knowledge or consent of the makers. This is a matter of defense and does not in any sense affect the original validity of the note, and is therefore a matter of mere defense and not ground for cancellation thereof.

However, the substance of paragraph two of the answer and counterclaim is that this note was executed more than seven years ago for the accommodation of the plaintiff, to enable him to discount it and obtain money on it, and that no consideration ever passed between the parties.

We are of the opinion that under the circumstances, where the payee in a note which was executed to him more than seven years ago, for his accommodation, and without consideration, makes an attempt to assert liability thereon against the makers in his own behalf, an action would lie against him for a cancellation of the instrument, and that, therefore, a proper counterclaim is stated in this paragraph. The appellants were entitled to go to trial on this issue.

The appellants contend that they were entitled to judgment on this matter, but this position can not be sustained as all the allegations of their answer and counterclaim were denied by reply. The utmost to which they were entitled was to have the case proceed to trial on this issue. Of course, such trial could not have affected any person not a party to the action and, if some other party or bank was the holder of the note, he or it could not have been affected by this trial and can not be affected by any trial of this action hereafter, to which he or it has not been made a party.

For the reasons given, the judgment is reversed for further proceedings consistent with this opinion.